## WATT v. STUDER et al. (No. 3322.)

Court of Civil Appeals of Texas. Amarillo.
Nov. 27, 1929.

A. A. Ledbetter, of McLean, and R. H. Templeton, of Wellington, for appellant.

W. Sherman White, of McLean, and Cook, Smith & Teed, of Pampa, for appellees.

RANDOLPH, J. This suit was filed by the county attorney, the county judge, and county commissioners of Gray county, Tex., road precinct No. 4 of Gray county, Tex., and the highway commission of Texas, to restrain the appellant from obstructing a state highway and to require him to remove a house and other improvements from off the land situated upon a state highway. Upon hearing before the district judge of the Thirty-First judicial district, the said judge entered an order granting the injunction as prayed for, in' vacation and in chambers. Appeal was taken to this court for review of such judgment or order.

The plaintiffs, in their petition for a mandatory injunction filed herein, after naming the parties and giving their official status, and after describing the land of defendant, alleged substantially:

That the commissioners above named instituted proceedings to establish a public road of the first class along the strip of land described. That a petition was filed in accordance with article 6705 of the Revised Statutes of 1925, by the requisite number of freeholders, and said property was duly and legally condemned as required by law, and the condemnation proceedings were duly approved by final judgment of the commissioners' court in all things, as required by law. That the defendant B. T. Watt, notwithstanding the fact that he had been served with notice, made no appearance or objection to the proceeding. Damages were awarded him, and were duly deposited in the office of the county treasurer, subject to his order. That said road is laid out for the purpose of establishing a state highway, and, after the proposed highway had been surveyed and agreed upon by plaintiff road precinct No. 4 and the said commissioners' court and said state highway commission and the Federal Bureau of Roads, the same was intended to be a state highway and receive aid from the Federal Bureau of Roads, in accordance with the agreement. That an attempt had been made by said parties to fix the location of said road at some other point, but the state highway commission and plaintiffs generally were enjoined from locating said road at this point first chosen, by the United States District Court at Amarillo, in response to a petition by the Chicago, Rock Island & Gulf Railway Company, and the said plaintiffs and the said Federal Bureau of Roads and the public generally agreed and concluded that the most feasible route for said highway should be along and over the property above described, and that the best interest of the public generally would be served by the locating of said road along said strip. That, by virtue of the proceedings described above, upon said highway crossing said property, the plaintiffs and the public generally acquired only an easement across said strip. That the legal title to said property, subject to said easement, still vests and remains in said defendant, as well as the title to the improvements located thereon. The petition further recites the improvements upon said land.

That thereafter written notice was given by the plaintiffs to defendant to remove said obstructions from said proposed highway so that the same might be opened as a public road in accordance with the judgment of said court, but said defendant has refused and still refuses to remove said obstructions or any of them, or to permit these plaintiffs or the public generally to cross said premises along said strip or to in any wise interfere with or remove said obstructions. That the plaintiffs have been advised by the Federal Bureau of Roads that, if said highway is not opened across said property at once, plaintiffs will be refused federal aid in the construction of said highway, which will mean a great loss to the public generally and your petitioners. Further pleading inadequacy of law, praying for a receiver, and further praying that defendant be cited at once to show cause why said injunction should not be granted as prayed for or said receiver appointed as prayed for, and that on hearing hereof such injunction be granted as above described or that said receiver be appointed with powers as above stated. Plaintiffs further pray that defendant be cited to appear and answer herein at the next term of court hereof, and that on a final hearing said injunction be made permanent.

This petition was presented to the district judge in chambers on the 13th day of July, 1929, and the hearing on same was set for the 24th of July, 1929, at Miami, Tex., and directing the clerk of said court to issue notice of such hearing to the defendant. After such notice was duly issued and served on the defendant, by agreement of the parties the hearing was transferred to Wheeler county, Tex., for their convenience, where Judge Ewing, in vacation and in chambers, proceeded with the hearing. Prior to this the defendant had filed his answer, which presents quite a number of questions which we do not deem it necessary to discuss, in view of our action on other questions. The questions which are decisive of this case on appeal are: First, that this suit is based upon proceedings by the commissioners' court of Gray county condemning a public road which had been designated as a state highway, and to receive state and federal aid, and that the commissioners' court

therefore had no jurisdiction to act in the matter of such condemnation; second, the record failing to disclose that any attempt was made by the plaintiffs in the condemnation proceedings to agree with the defendant upon the amount of compensation for the damages done him by the running of the road over his land, such proceedings are void.

The record discloses that the road here in question was a state highway, and that said highway had been surveyed and agreed upon by the plaintiffs, the commissioners' court, state highway commission, and also by the Federal Bureau of Roads, and had been so designated as a state highway. A change was attempted to be made in the location of the road so as to route the same over the defendant's land and improvements. The proceedings to effect this change were instituted by the commissioners' court alone and the condemnation carried forward by said court and obtained by them without the joinder or participation of the state highway commission.

Article 6673, c. 1, Vernon's Annotated Texas Statutes, authorizes the state highway commission to take over and maintain the various highways in the state.

Article 6674b designates state highways in a general system.

Article 6674d provides that all further improvement of said state highway system with federal aid shall be made under the exclusive and direct control of the state highway department.

Article 6674h provides for competitive bids for the improvement of any highway constituting any part of the state highway system or for materials to be used in the construction or maintenance thereof.

Article 6674i provides that the state highway commission shall have the right to reject any and all of said bids.

Article 6674n provides as follows:

"*Condemnation of Right of Way, and Materials.* Whenever, in the judgment of the State Highway Commission, the use of any timber, earth, stone, gravel, or other material, convenient to any road being constructed or maintained under the provisions of this Act will facilitate such construction or maintenance or whenever in the judgment of said commission it is necessary or expedient to construct or reconstruct any such road over a new or wider right of way, the State Highway Commission shall have the right to use any such materials most convenient to such roads and to acquire such land or lands for the public use and benefit as may be necessary for the new or wider right of way. In such cases the owner of such materials or land shall be paid therefor out of the State Highway Fund. Provided, that should the owner of such land or materials and the State Highway Commission fail to agree upon the amount to be paid therefor, then the Attorney

General at the request of the State Highway Commission shall proceed to condemn the same for and on behalf of the State of Texas in the same manner as near as may be that commissioners' courts of certain counties may condemn materials under the provisions of Articles 6894 and 6895, Title 119, Revised Statutes, 1911, such condemnation proceedings to be held in the county in which such material or land so to be condemned may be situated. The highway commission's portion of the expense of such proceedings shall be paid out of the State Highway Fund."

From these statutory provisions it will be clearly seen that whatever powers had been vested by law in the commissioners' court, in the laying out of roads in their county and in condemning land for same, are withdrawn by the Legislature as to state highways and vested in the state highway department. The condemnation proceedings upon which the plaintiffs in this suit based their right to a mandatory injunction, having been procured by an unauthorized party, are, void and of no effect. Singeltary v. Heathman (Tex. Civ. App.) 300 S. W. 242; Heathman v. Singletary (Tex. Com. App.) 12 S. W. (2d) 150, 153, and authorities therein cited.

It is provided in article 6674n above quoted that an agreement as to compensation shall be sought between the owner and the highway department, and only in the event of failure to agree upon such compensation shall the condemnation suit be brought.

There is no allegation in the pleadings that any effort was made by the plaintiffs in the condemnation proceedings to agree on the amount of compensation due the defendant for taking his land. This court has held that a bona fide effort to agree with the owner of the land upon the amount of such compensation. must be made, and, unless same is pleaded and proved, the court has no jurisdiction to dispose of the question before it. Clements v. F. W. & D. S. P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 895.

In the case of Alexander v. F. W. & D. S. P. Ry. Co. (not for publication), this court followed the rule laid down in the case just above cited. Application was made to the Supreme Court for a writ of error, which application was dismissed for want of jurisdiction.

As stated above, there are several questions that we do not pass on and do not intend to leave any intimation that we overrule them, but we simply decline to pass on them because of our view of the jurisdictional matters above discussed.

We therefore reverse the judgment of the trial court, and here render judgment sustaining the defendant's general exception to the plaintiffs' petition, and dismiss this suit.

HALL, C. J., not sitting.