TARRANT COUNTY v. S. D. SHANNON ET UX.

No. 7226. Decided March 31, 1937.
(104 S. W., 2d Series, 4.)

*Samuels, Foster, Brown & McGee,* of Fort Worth, for plaintiff in error.

The language of Article 3264a, Title 52, of the Revised Statutes of 1925, is sufficiently comprehensive to include the right on the part of Tarrant County to proceed under the provisions of said article for the condemnation of land for public purposes. Malloy v. Galveston County, 42 S. W. (2d) 163; Galveston-Houston Elec. Ry. Co. v. Stautz, 166 S. W. 11; 17 Tex. Jur. 146.

The requisite steps having been taken in the county court at law No. 1 for the condemnation of the highway in question prior to the institution of the suit for injunction, and said county court at law having first acquired jurisdiction through such steps, it was the tribunal competent to hear and determine the questions sought to be litigated in the bill of injunction, in consequence of which the district court was without jurisdiction to entertain the bill. Gulf Coast Irr. Co. v. Gary, 118 Texas 469, 17 S. W. (2d) 774; Lone Star Gas. Co. v. Birdwell, 74 S. W. (2d) 294; Mills v. Disney, 54 S. W. (2d) 596.

*M. Hendricks Brown, Marvin H. Brown, Jr.,* and *Marvin H. Shannon,* all of Fort Worth, for defendants in error.

· The district court of Tarrant county has exclusive jurisdiction to hear an injunction suit to restrain the action of the commissioners' court in building a county road and in attempting to take property by condemnation wherein it is alleged that the action of the commissioners' court is a gross abuse of discretion and is being arbitrarily taken and that the proceedings in attempting to condemn the property were void, even though a condemnation suit was then pending in the county court at law for Tarrant County. Mann v. Trinity Farm Company, 270 S. W. 923; Leathers v. Craig, 228 S. W. 995; Haverbekken v. Hale, 109 Texas 106, 204 S. W. 1162.

Article 3264a did not give Tarrant County the right to condemn property for county road purposes but their authority to condemn property for such purposes is found solely under Chapter 2, Title 116. O'Keefe v. Hudspeth County, 25 S. W. (2d) 625; Tod v. Massey, 30 S. W. (2d) 532; City of Fort Worth v. Bobbitt, 121 Texas 14, 36 S. W. (2d) 470.

MR. JUSTICE SHARP delivered the opinion of the Court.

The principal question for decision here is whether the commissioners' court of Tarrant County has authority to condemn certain property for public road purposes by virtue of Article 3264a of the Revised Statutes, or, at its option, under

the provisions of H. B. No. 416, p. 45, Chap. 16, Acts of the 44th Legislature.

Tarrant County, through its commissioners' court, instituted condemnation proceedings in the county court to acquire an easement for a public roadway through land owned by S. D. Shannon and wife. The condemnation proceedings were instituted under the provisions of Article 3264 et seq., Revised Civil Statutes, Sec. 12, p. 45, Chap. 16, Acts of the Regular Session of the 44th Legislature, and also pursuant to subdivision 3 of Article 2351 of the Revised Civil Statutes, relating to the powers of commissioners' courts. The following requirements prescribed by law were complied with: (a) Negotiations with the owner for purchase of right of way, and failure to agree on price; (b) order of commissioners' court for institution of condemnation proceedings; (c) application to the county judge for appointment of three disinterested freeholders to act as commissioners to award damages; (d) the appointment of such commissioners; (e) hearing on such matter after due service of notice and appearance of property owners; (f) award by commissioners of the sum of $1888.26 as compensation to the land owners for the construction of the roadway; (g) appeal by the Shannons from the award of the commissioners; (h) specifications of objections to the award by the Shannons, and the filing of such objections in the office of the county clerk and the clerk of county court at law No. 1 of Tarrant County.

While the appeal from the award of the commissioners in the condemnation was pending, and after the filing of objections and exceptions to such award by the Shannons, and before the appeal itself came on to be heard in the county court at law No. 1 of Tarrant County, the Shannons filed a petition for injunction in the district court of Tarrant County against Tarrant County and its commissioners, to restrain the prosecution of the condemnation proceedings in the county court at law No. 1 of Tarrant County, and set up various grounds as the basis for such injunction. The district court granted a temporary restraining order, enjoining Tarrant County and its commissioners' court from entering upon the property of the Shannons or from proceeding in any manner in the construction of the roadway across their property, and commanded Tarrant County and its commissioners' court to appear and show cause why the restraining order should not be continued. Tarrant County and its commissioners' court presented a plea to the jurisdiction of the court. This plea set out the various steps that had been taken in the condemnation proceedings, and showed the prosecution of an appeal from the award on

the part of the Shannons to the county court at law No. 1, where the appeal was then pending, and alleged the statutes under which the condemnation proceedings had been instituted. It was further revealed that the county court at law No. 1, where the appeal from the award of the commissioners was pending, had first acquired jurisdiction through the condemnation suit, and was the proper tribunal in which to litigate the questions presented by the petition for injunction, and the only tribunal which could grant adequate relief of the matters involved, and that the district court was without jurisdiction, under such circumstances, to entertain or hear the petition. The district court held that it was without jurisdiction to hear or entertain the complaint of the Shannons, and that the alleged grievances were such that, if they existed,.the Shannons should resort to the county court at law No. 1 and seek redress or litigate their rights in the condemnation proceedings. It was ordered that the petition for injunction be dismissed. The Shannons appealed to the Court of Civil Appeals, which reversed the action of the district court in sustaining the plea to its jurisdiction, and held that the proceeding in condemnation by Tarrant County was void, in that Article 3264 et seq., Title 52, Revised Civil Statutes, were not available to counties, and that the only method of condemnation for public road purposes permitted to counties under the law was that set out in Title 116, Article 6702 et seq., of Revised Civil Statutes, and that, therefore, the condemnation proceedings on the part of Tarrant County were null and void. The Shannons presented their petition to the Court of Civil Appeals for a restraining order against the county pending said appeal, alleging, among other grounds, that the condemnation proceedings in the county court at law No. 1 were void, and that said court had no jurisdiction in the premises. That court issued its restraining order as prayed for, and, after holding the condemnation proceedings void, as above stated, the injunction was made permanent. 99 S. W. (2d) 964. This Court granted a writ of error.

The Shannons, on the one side, contend that Tarrant County would have to proceed under the provisions of Title 116, Chap. 2, Arts. 6702-6716, Revised Civil Statutes, in order to legally condemn their property for road purposes and to confer jurisdiction upon the county court at law No. 1 of Tarrant County for that purpose. Tarrant County, on the other side, contends that it is not limited to the provisions of the foregoing statutes, but that the county had the option to proceed under the provisions of Title 52, Articles 3264-3271, Revised Civil Statutes,

or even under H. B. No. 416, Sec. 12, Chap. 16, p. 41, of the Acts of the Regular Session of the 44th Legislature.

The validity of H. B. No. 416, which conferred the alternative rights in condemnation upon certain counties falling within the provisions of this act, was not challenged or questioned in the principal opinion of the Court of Civil Appeals. However, in the concurring opinion the question was raised that H. B. No. 416 violates Article 8, Section 9, and Article 3, Section 56, of the Constitution; and it further questioned the correctness of the construction of Article 3, Section 56, of the Constitution by this Court in the case of Dallas County v. Plowman, 99 Texas 509, 91 S. W. 221, in which case it was held that local or special road laws may be enacted without giving the local notices required for special or local laws.

1   H. B. No. 416 is an act providing for public road systems for certain counties, and empowers the commissioners' courts to prescribe rules and regulations therefor. The act by its terms applies to all counties in Texas having a population of more than 160,000 and less than 230,000 population, according to the last preceding federal census, wherein is situated an incorporated city having a population in excess of 100,000 inhabitants according to such census. Tarrant County according to the last preceding federal census of 1930 contained 197,553 people. The City of Fort Worth by the same census contained in 1930 163,447 people. By reason of such facts, Tarrant County is included within the terms of the act.

2   The case of Dallas County v. Plowman, 99 Texas 509, 91 S. W. 221, involved the validity of a local road law enacted by the Legislature, Chap. 122, Acts of the 24th Legislature, p. 213, which created a road system for Dallas County, and provided in detail for the laying out and maintenance of public roads. Section 11 of that law reads as follows:

"Whenever it shall be necessary to occupy any land for the opening, widening, straightening or draining any road or part thereof, if the owner of said land can not agree with the court as to damages to be paid, the court may proceed to condemn the same in the same manner that a railroad company can condemn land for right of way, and the same proceedings may be had, and the same rights shall exist to each party that would exist if the proceedings were by a railroad company, except that the county shall in no case be required to give bond."

It was contended there that Section 11 of the act was unconstitutional. Mr. Justice BROWN, speaking for the Supreme

Court, in the course of his opinion said:

"The proposition that Sec. 11 of the local road law for Dallas County is unconstitutional, is predicated upon the following clauses of our State Constitution: Article III, Section 56, subdivision 5: 'The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing the laying out, opening, altering or maintaining of roads, highways, streets or alleys.' Article XI, Section 2: 'The laying out, construction and repairing of county roads, shall be provided for by general laws.' It can not be denied that the local law in question is in conflict with those provisions of the Constitution, and would be void if it were not for the following provision: 'The Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property taxpaying voters of the county, voting at an election to be held for that purpose, shall vote such tax, not to exceed fifteen cents on the one hundred dollars' valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of public roads and highways without the local notice required for special or local laws.' (Article VIII, Sec. 9.)"

Furthermore, in that case the Court in substance held that the phrase "maintenance of the public roads" in Article 8, Section 9, of the Constitution, amendment of 1890, authorizing the Legislature to pass local laws for such purpose, includes in its scope the laying out, opening, and construction of new roads as well as the repairing of those already laid out. And the act of the 24th Legislature, supra, enacting a local road law for Dallas County, which provided for condemnation of lands by the county upon the same proceedings as by a railroad company was not, in view of such amendment, rendered unconstitutional by Article 3, Section 56, and Article 11, Section 2, of the Constitution. It was also held, in effect, that the meaning of the word "maintenance" in the amendment to Article 8, Section 9, of the Constitution is not restricted, as in Article 3, Section 56, subdivision 5, by the context, to the keeping up of roads, as distinguished from laying out and opening them, nor is it confined to its narrow and literal construction; but it must be held to embrace all the things necessary to accomplish the obvious purpose of the amendment, including the opening as well as repair of roads. The local road law passed for Dallas County was held valid.

The case of Tinner v. Crow, 124 Texas 368, 78 S. W. (2d)

588, involved the construction of H. B. No. 500 (Special Acts 1919, 36th Leg., p. 105, Chap. 33), being a special law regarding a road system for Hill County. The purposes of that act were attacked as being violative of the Constitution. The case reached this Court, and the leading cases (Austin Bros. v. Patton, (Texas Com. App.), 288 S. W. 182, and Kitchens v. Roberts. County Treasurer, (Tex. Civ. App.) 24 S. W. (2d) 464), claimed to condemn such legislation, were reviewed, and it was shown that the distinction drawn in those cases was not applicable there, and they were not in conflict with the opinion rendered in the case of Dallas County v. Plowman, supra. We refer to that opinion for a discussion of those cases. The law involved in the Hill County case was held valid. If we concede, for argument's sake only, that it is a local or special law, the Legislature had the power under the Constitution to enact it without giving the local notice.

3   The Honorable Court of Civil Appeals held that in all proceedings for the condemnation of lands for the construction of public roads the provisions of Title 116, Chapter 2, of the Revised Civil Statutes (Article 6702 et seq.), are alone applicable, and that Article 3264 et seq. do not apply for such purposes. The provisions of Article 3264a are broad enough to include, among other things, the right of counties to condemn and acquire lands "for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State." Article 2351, subdivision 3, Revised Civil Statutes, provides that the commissioners' court may "Lay out and establish, change and discontinue public roads and highways." Article 6702 et seq. relate to the establishment of roads and a jury of view to assess the amount of damages for the taking of lands used for that purpose.

H. B. No. 416 provides a public road system for certain counties, and delegates to the commissioners' court the power to prescribe rules and regulations therefor. The act is comprehensive in its scope and terms, and we shall not attempt to analyze it in detail. Section 12 reads:

"Whenever in the judgment of the Commissioners Court it shall be or become necessary to lay out and construct any road or highway in or through the county or any part thereof, whether said road extends through any city, town, village, hamlet, community or otherwise or whenever it shall be or become necessary in the judgment of the Commissioners Court to occupy any land, in town or county, for the purpose of constructing, building, opening, widening, straightening, draining,

grading, improving, repairing or maintaining any public road or highway of said counties or any part thereof, said Court, through the agents and employees of the county may enter upon, occupy and take such land, paying therefor, if the owner thereof and said Court can agree on the price thereof, as to the value of the land so taken and the amount of damage, if any there be to the remainder, but if such owner and the Commissioners Court cannot agree with respect to such value or damage or both, then said county may proceed to condemn such land for any of the purposes hereinabove mentioned in the same manner as now or may hereafter be prescribed by law for condemnation by railroad corporations and may condemn land for right of way under such proceeding with a right to invoke the Statutes, in so far as the same may be applicable for the exercise of the right of eminent domain by railroad corporations except that, in no case, shall the county be required to give bond or to deposit more than the amount assessed by the Commissioners in condemnation; provided however, that nothing contained in this Section shall be held to repeal the provisions of the General Law now in force or that may hereafter be passed relating to the opening or construction of public roads by a jury of view, but this Section shall be held to be cumulative thereof, and the Commissioners Court of said county may, at the option of said Court, in such cases proceed under the provisions of such General Law or under the provisions of this Act according as same may be best adapted, in the judgment of said Commissioners Court, to expedite the relief sought to be obtained."

Section 32 reads:

"This Act is and shall be held and construed to be a public act of which the Court shall take cognizance without proof thereof, and in any Court proceedings wherein the provisions of this Act are drawn in question, the necessity for pleadings or proving same is hereby dispensed with."

Section 35 provides:

"If any section, subdivision, paragraph, sentence, clause or word of this Act be held to be unconstitutional, the remaining portions of same shall, nevertheless, be valid and it is declared that such remaining portions would have been included in this Act though the unconstitutional portion had been omitted."

As stated above, the Honorable Court of Civil Appeals held that Article 3264a did not apply here, and cited the following cases as sustaining that view: O'Keefe v. Hudspeth County et al., (Tex. Civ. App.) 25 S. W. (2d) 625, and Tod v. Massey

et al., (Tex. Civ. App.) 30 S. W. (2d) 532. The cases just cited did not reach this Court for review. However, there did reach this Court the case of Malloy v. Galveston County, 42 S. W. (2d) 163 (Tex. Civ. App.), which involved in principle a case closely akin to the one now before us, and in which this Court denied a writ of error. In that case Galveston County sought to condemn the land of Malloy for parking purposes. The condemnation was sought under the provisions of Article 3264a and Article 6078 of the Revised Civil Statutes. The issue was raised there that parks were not among the public purposes in Article 3264a for which condemnation was authorized. The court in that case correctly held that parks were such public purposes as would be included in that part of the language contained in Article 3264a which reads: " * * * for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State."

The history of road legislation in this State reveals that the Legislature has not only enacted general laws relating to public highways, but it has also been liberal in the enactment of special statutes to meet local requirements. The need of public highways to meet modern conditions has presented a vital problem for the consideration of legislators and other public officials. In response to the necessities of the situation many laws, both federal and state, have been enacted. In the recent case of Southwestern Greyhound Lines, Inc., v. Railroad Commission of Texas et al., 128 Texas 560, 99 S. W. (2d) 263, some of these laws are reviewed. When we read the provisions of Article 3264a and Section 12 of H. B. No. 416 in the light of the history of highway legislation, and in the light of the policy of this State relating to the building of highways, we find no convincing reason for holding that Tarrant County could not maintain its condemnation proceedings as was sought to be done in this instance, and that Articles 6702-6716 did not control. The expressions used in the cases of O'Keefe v. Hudspeth County et al., (Tex. Civ. App.) 25 S. W. (2d) 625, and Tod v. Massey et al., (Tex. Civ. App.) 30 S. W. (2d) 532, in conflict with the rule announced herein, are expressly overruled.

4  In their petition in the district court the Shannons allege that the building of the road in question will constitute a gross abuse of discretion on the part of the commissioners' court of Tarrant County, and for that reason such court should be enjoined from expending the public road funds of that county in the opening and building of such road. The petition sets out the specific facts which, in the building of this road, the Shan-

nons contend constitute an abuse of discretion on the part of the commissioners' court. We shall not lengthen this opinion by attempting to detail such facts so alleged. It is sufficient to say that the facts alleged do not show an abuse of discretion, but, at best, merely bear on the issue of the wisdom of the project. In this connection, we hold that under our laws the matter of determining the necessity for the construction and location of public highways of this kind and character is left to the sound judgment and discretion of the commissioners' court. The appellate courts have repeatedly held that the judgments of commissioners' courts in all matters over which they are given jurisdiction by the Constitution and statutes are entitled to the same consideration as those of other courts provided for by the Constitution. Schiller v. Duncan, (Tex. Civ. App.) 21 S. W. (2d) 571; Williams v. Ball, 52 Texas 603, 36 Am. Rep. 730; Bradford v. Moseley, (Texas Com. App.) 223 S. W. 171. It is equally well settled that the supervisory power of the district court over the judgments of a commissioners' court, as authorized by Article 5, Section 8, of the Constitution, and Article 1908 of the Revised Civil Statutes, can only be invoked when it acts beyond its jurisdiction or clearly abuses the discretion conferred on it by law. Haverbekken v. Hale, County Judge, et al., 109 Texas 106, 204 S. W. 1162; Oden v. Barbee, 103 Texas 449, 129 S. W. 602; Bourgeois v. Mills, 60 Texas 76; Currie v. Glasscock County, (Tex. Civ. App.) 183 S. W. 1193; Schramm v. Knolle, (Tex. Civ. App.) 240 S. W. 612; Schiller v. Duncan, supra.

5 It appears that the commissioners' court complied with the antecedent requirements of the statute, and commissioners were duly appointed to hear the facts and assess the damages for the taking of the land owned by the Shannons; and from such action of the commissioners the Shannons appealed to the county court at law No. 1 of Tarrant County. The provisions of the law in these condemnation proceedings having been complied with, and an appeal having been duly made to the county court at law No. 1 of Tarrant County, that court acquired full jurisdiction to hear and determine all the issues involved in the condemnation proceedings, and to award all damages to the land owner for the taking of his property, without any limitation upon the amount claimed or involved in the controversy; and the district court had no jurisdiction to interfere with that court, by injunction or otherwise. Gulf Coast Irrigation Co. v. Gary, 118 Texas 469, 14 S. W. (2d) 266, 17 S. W. (2d) 774; Missouri-K.-T. R. Co. of Texas v. Jones et al., (Tex. Com. App.) 24 S. W. (2d) 366; Cook v. Ochiltree County, (Tex. Civ. App.)

64 S. W. (2d) 1018; Lone Star Gas Co. v. Birdwell, (Tex. Civ. App.) 74 S. W. (2d) 294, 296; Southern Kansas Ry. Co. v. Vance, 104 Texas 90, 133 S. W. 1043; 16 Tex. Jur., p. 712. The rule is well settled that if the condemnation proceedings pending in county court at law No. 1 of Tarrant County are void for want of power or jurisdiction, such void proceedings may be enjoined. Haverbekken v. Hale, County Judge, et al., supra; Gulf Coast Irrigation Co. v. Gary, supra. But this record presents no such issue here.

Therefore, the judgment of the Court of Civil Appeals is reversed, the injunction issued by that court is dissolved, and the judgment of the district court is affirmed.

Opinion delivered March 31, 1937.