## GILL et al. v. FALLS COUNTY et al.

### No. 3018.

Court of Civil Appeals of Texas. Waco.

Sept. 27, 1951.

Rehearing Denied Nov. 8, 1951.

Taylor & Dickens and Carter & Carter, Marlin, for appellants.

Dodson & Reagan, Marlin, for appellees.

LESTER, Chief Justice.

The State of Texas, through the Commissioners Court of Falls County, filed condemnation proceedings to condemn a strip of land for the construction of a farm to market road to run over and through the land of the appellants. The County Judge appointed special commissioners to assess the damages and notice was given to the ap-

pellants of the place and time of hearing. On the date set the Commissioners met and assessed the damages. Appellants thereafter filed their exceptions and objections to the findings and report of the Commissioners on several grounds, one of which was that there was never any attempt upon the part of the Commissioners Court to make an agreement with the appellants as to the amount of damages they would suffer if said land was condemned.

Thereafter, while said proceedings were still pending in the County Court, the appellants filed in the District Court of Falls County their application for a temporary restraining order, seeking to enjoin the appellees from interfering with the quiet and peaceful possession of their property. They further prayed that after a hearing a temporary injunction be granted and upon final hearing that it be made permanent. Their application, in part, was founded upon the allegation that the proceedings had before the County Judge or in the County Court were void in that no bona fide attempt was made to reach an agreement with the parties as to the value of their property to be taken or the damages the appellants would sustain if their land was condemned.

On the day appellants filed their petition for injunctive relief in the District Court, the court, in chambers, upon an ex parte hearing, granted a temporary restraining order pending hearing for temporary injunction. Upon the hearing for temporary restraining order appellants introduced three exhibits: the petition filed by the State, the report of the special commissioners and the exceptions and objections filed by the appellants. Three of the appellants also appeared and testified, and from their testimony it appears that no bona fide effort was made to reach an agreement with the appellants for the value of their land. Prior to the hearing for a temporary injunction the appellees filed their plea in abatement, in which they set up the fact that condemnation proceedings were pending in the County Court and set out all the various steps that had been taken in said proceedings, and prayed that the temporary restraining order theretofore grant-

ed be dissolved and that the suit for injunction be dismissed. All parties, through their respective attorneys, appeared at the hearing for temporary injunction and submitted the matter to the court upon the pleadings and exhibits, and after the argument of counsel the court held that it did not have jurisdiction of the controversy and dismissed the same. The appellants have appealed.

The first three propositions asserted by appellants are:

"(1) The State, appellee herein, having failed to make any bona fide effort to agree with plaintiffs, the appellants herein, on the amount of damages and the value of their property sought to be taken, the condemnation proceedings in the County Court are void.

"(2) The undisputed facts showing definitely that there was no effort made to reach an agreement with the owners of the land on the amount of compensation or damages to be paid them for the value of their property sought to be taken, as required by the statutes, the County Court was without jurisdiction to condemn appellants' property; and, therefore, the proceedings in the County Court seeking to condemn said land are void.

"(3) Where the State seeks to take the land owner's property for the purpose of establishing a road thereon and the condemnation proceedings in the County Court are void because of failure of Commissioners Court to comply with the statute in attempting to agree with the land owner on the amount of compensation or damages, the County Court is without jurisdiction and the District Court shall, under such circumstances, grant the land owner injunctive relief."

In support of these points appellants cite: Article 3264 to 3271, inclusive, and Article 6674n, Vernon's Ann.Civ.Stats., Haverbekken v. Hale, County Judge, 109 Tex. 106, 204 S.W. 1162; Easter Oil Corporation v. Wilbarger County, Tex.Civ.App., 30 S.W.2d 438; State v. Davis, Tex.Civ.App., 139 S.W.2d 638; Brinton v. Houston Lighting & Power Co., Tex.Civ.App., 175 S.W.2d 707; Watt v. Studer, Tex.Civ.App., 22 S.W.2d 709. We have read all of the authori-

ties cited but are of the opinion that they are not controlling on either of the above propositions asserted by the appellants.

Article 3264, Vernon's Ann.Civ.Stats., reads: "Sec. 1. When real estate is desired for public use by the State or by a county * * * the party desiring to condemn the property after having failed to agree with the owner of the land on the amount of damages shall file a statement in writing with the county judge of the county in which the land or a part thereof is situated."

Article 6674n, relating to condemnation proceedings by the State Highway Commission through the Commissioners Court, provides that the proceeding shall be the same as that set out in Articles 3264 to 3271, inclusive.

Appellants cite and strongly rely upon the case of Haverbekken v. Hale, County Judge, supra [109 Tex. 106, 204 S.W. 1163]. This case involved the proceedings of a Commissioners Court to open a new road. The law at that time pertaining to the powers and duties of the Commissioners Court of a county to open a new road of the class that was proposed to be opened and the procedure to be followed was controlled by the following articles of the 1920 Edition of Vernon's Complete Texas Statutes of Texas:

Article 6860 provided: "The Commissioners' Courts of the several counties shall have full powers and it shall be their duty to order the laying out and opening of public roads when necessary". [Vernon's Ann. Civ.St. art. 6703.]

Article 6876 provided in part: "All applications for a new road * * * shall be by petition to the Commissioners' Court, signed by at least eight freeholders in the precinct or precincts in which such road is desired to be made". [Vernon's Ann.Civ.St. arts. 6703–6705, 6711.]

Article 6875 provided in part: "The Commissioners' Court shall in no instance grant an order on an application for any new road * * * unless the persons making application therefor, or some one of them, shall have given at least twenty days' notice * * *." [Vernon's Ann.Civ.St. art. 6705.]

The Supreme Court held that a petition signed by at least eight freeholders and the giving of notice as required were prerequisites to be performed in order to confer jurisdiction upon the Commissioners Court to grant the petition and to proceed further in the matter. The failure to comply with the law in this respect rendered the proceeding void, and further held that by virtue of Section 8 of Article 5 of the Constitution, Vernon's Ann.St., and Article 1706 of the Statutes [Vernon's Ann.Civ. St. arts. 1907–1909], the District Court has general supervisory control over the Commissioners Court and that its supervisory control may be exercised through its equitable jurisdiction. The power of the District Court to supervise the proceedings of the Commissioners Court there involved gave the injunction suit the character of a direct attack upon the proceedings, rather than a collateral one. These proceedings were pending in the Commissioners Court of Hale County. The court was attempting to perform its official duty, but contrary to the law relating thereto. The court had accepted a petition not bearing the signature of eight freeholders and appointed a jury of view without notice being given to the landowner as provided by the statutes. This rendered the proceedings void and they were attacked in the District Court, and the court held that by virtue of the supervisory control of the District Court over the proceedings of the Commissioners Court granted by the Constitution and statutes, the District Court had power to look into the proceedings and determine whether the proper steps had been taken, and if not, to enjoin such proceedings. The condemnation proceedings involved here are not pending in the Commissioners Court but in the County Court of Falls County. In the three propositions above asserted appellants do not complain of any order or action of the Commissioners Court which transpired in said court, but contend that such supervisory control given by the Constitution and statutes is broad enough to embrace the right and power of supervisory control of proceedings filed by the Commissioners Court for and on behalf of the State of Texas with the County Judge seeking to condemn the land

in question, which are now pending in the County Court. These proceedings are based upon sufficient allegations to confer jurisdiction upon the County Court. We find in the copy of appellees' petition filed with the County Judge, which is attached to and made a part of appellants' application for injunction filed in the District Court, the following allegations: "That for the reasons and purposes above set out, it is necessary that the State of Texas, through the Commissioners Court of Falls County, Texas, acquire, take, hold, occupy and use and own the above described real estate for the purpose of directing and maintaining as aforesaid, a road and a right-of-way for said highway, and that said Commissioners Court has attempted to but cannot agree with said defendants upon the amount to be paid for said land above described nor for the damages, if any, there be due said defendants and occasioned by the use of said land. In this connection petitioner says that no offer has been made to said defendants for such damages occasioned by the premises for the reason said defendants will not discuss the value of said land nor the amount for damages, if any, occasioned by the premises, but that petitioner is now and has been at all times prior to the institution of this suit ready, willing and able to discuss such matters and to pay the reasonable market value for the use of said land, and all damages, if any, occasioned by the use of said land for said road and right-of-way, as hereinabove alleged; that by reason thereof petitioner has been unable to compromise or settle with said defendants, by reason whereof said Commissioners Court has been compelled to institute condemnation proceedings to condemn said land, which is actually needed for said highway as hereinabove described."

 These allegations conferred jurisdiction on the County Court in this respect. The appellants filed their exceptions and objections to the report of the special commissioners appointed, in which they denied these allegations, thereby creating an issue of fact to be determined by the County Court. Under such circumstances it is the power and duty of the County Court to determine its own jurisdiction. Therefore the District Court did not have the power

to grant the relief sought by appellants. In the absence of any fact issue to be decided by the County Court, if the proceedings were void the District Court would have a right and duty to enjoin the same under its general equitable powers.

We believe the following decisions are controlling of the foregoing three points advanced by the appellants: Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4; Lone Star Gas Co. v. Birdwell, Tex.Civ.App., 74 S.W.2d 294, and the cases cited therein.

Appellants' fourth and fifth propositions are:

"(4) The condemnation proceedings in the County Court were and are illegal and void for the reason that the State of Texas does not have the right to condemn the property in question, because same is not a part of the Texas Highway System, or of an established State Highway.

"(5) The State did not have authority to condemn appellants' property, because the property sought to be condemned was to be used as a Farm to Market Road, as defined in Article 7083-A Section 4B, Vernon's RCS of 1925, same being a local road and not part of the designated State Highway System."

 Appellants say the court has no power to condemn land for road purposes except that conferred by Article 6674n. This article provides for condemnation proceedings by the State for construction of roads which constitute a part of the designated state highway system. Appellants cite Tarrant County v. Shannon et ux., 129 Tex. 264, 104 S.W.2d 4; Watt v. Studer, Tex.Civ.App., 22 S.W.2d 709; 16 Tex.Jur., p. 584, secs. 21, 22 and 23; and Articles 6674q-2, 6674b, 6673-c and 7083a. Article 6673-c authorizes the State Highway Commission to designate any county road in the state as a farm to market road for the purpose of construction, re-construction and maintenance. Article 1, Section 17 of the Constitution of this state, Vernon's Ann.St., confers upon the State the power to exercise the right of eminent domain for its use. In the case of Watt v. State, Tex.Civ.App., 33 S.W.2d 744, er. ref., it was held that

where a general power has been conferred upon the State or a duty enjoined under the Constitution, every particular power necessary for the exercise of the one or the performance of the other is also conferred, and cites Cooley's Constitutional Limitations, 8th Ed. (Carrington) Vol. 1, p. 138.

We are of the opinion that it was not the intention of the Legislature to authorize the Highway Department to construct this character of road and at the same time deprive it of the necessary power to do so. The general power given by the Constitution to the State to exercise the right of eminent domain for its own use and the authority granted and duty imposed by Article 6673-c of the Statutes upon the State Highway Department, carries with it, at least by implication, the right to do any and all necessary things to construct the road in question, to the extent of exercising the right of eminent domain. Therefore, appellants' points are overruled.

What we have said disposes of the other questions in the case raised by appellant.

The judgment of the trial court is therefore affirmed.