## SCHLOTTMAN v. WHARTON COUNTY et al.

### No. 12421.

Court of Civil Appeals of Texas. Galveston.

April 10, 1952.

M. S. Munson, Jr., of Wharton, and Leslie D. Williams, of Brenham, for appellant.

Lloyd G. Rust, Jr., County Atty., of Wharton, and Looney, Clark & Moorhead and Everett L. Looney, all of Austin, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellant, C. H Schlottman, against the County of Wharton, Dorman Nickels, County Judge, and the individual members of the Commissioners' Court of Wharton County, seeking to review and set aside an order of the Commissioners' Court of Wharton County, entered on August 16, 1951, which instructed the County Attorney to institute proceedings for the condemnation of a right-of-way through property belonging to him for an outfall ditch for draining a public highway, for an injunction restraining any such condemnation proceedings and for a mandatory injunction to require the appellees to close a ditch already dug.

Appellant alleged that the ditch sought to be dug through his property was not in fact an outfall ditch for the draining of a public road but was merely a link in a drainage ditch being built by the County for the purpose of draining land belonging to private individuals. He alleged that the County did not have the right of eminent domain and that the order of the Commissioners' Court complained of was a subterfuge and a fraud on the rights of appellant.

Upon final hearing upon appellant's application for an injunction, and without hearing testimony, the trial court sustained appellees' exceptions to appellant's cause of action, holding that the District Court did not have the authority to review the act of the Commissioners' Court, and upon appellant's refusal to amend, denied the application for temporary injunction and dismissed the cause of action, to which the appellant excepted and gave notice of appeal.

Appellant alleged that a public road ran through the west side of a tract of land owned by him in Wharton County; that the Commissioners' Court had sought and failed to obtain a right-of-way for a drainage ditch across his property and had ordered the County Attorney to institute condemna-tion proceedings against him in behalf of the County for a right-of-way for a road drainage ditch and that the County Attorney had prepared and filed a petition for the condemnation of said right-of-way purported to be for an outfall ditch, but that such proceedings were being used as a subterfuge to acquire plaintiff's property illegally and for a purpose for which Wharton County did not have the right of eminent domain and that the proceeding constituted a fraud on the rights of appellant.

Appellees filed a duly verified answer containing two special exceptions. The first exception alleged in substance that appellant had not stated a cause of action against appellee County because under the law, they could take no action regarding obtaining right-of-way for a drainage ditch in behalf of the County except it be in their official capacity as officials of such County.

Exception No. 2 filed by appellees alleged, in substance, that Wharton County is a political subdivision of the State of Texas; that appellees are the duly elected, qualified and acting officials thereof, and that as such officers they are charged with the responsibility of laying out and exercising general control over all its roads, highways etc., that may hereafter be prescribed by law; that they, composing the Commissioners' Court of Wharton County, were by law authorized to cause to be constructed and maintained such ditches, drains and water courses of all public roads sufficient in capacity to carry off all surface water adjacent to or liable to collect in said ditches from natural causes, and to acquire by purchase or by condemnation such new or wider right-of-way on land and to pay therefor out of any of the available County funds; that they had by law the right of eminent domain to condemn for the purpose and acquire the land sought; that the necessary steps in condemning said right-of-way had been properly and duly filed by appellees.

Appellant contended in a supplemental pleading that appellees had no right to condemn a right-of-way for such ditch through his property under the Constitution and laws of the State of Texas.

Appellant relies on three points of assigned error. He contends that the trial

court erred in sustaining appellees' exceptions for the reason that they were not applicable to the facts plead in his petition and that the District Court of Wharton County had jurisdiction to review the order of the Commissioners' Court complained of.

The controlling questions presented in the appeal are whether Wharton County, acting through its duly authorized authorities, had the right to condemn the land of a private individual for the purpose of draining surface waters from the public road; whether the County had proceeded according to the method provided by law and whether the District Court had the right to interfere with the proceedings thus initiated.

■ The question as to whether appellees had the right to condemn the right-of-way for said ditch is we think, answered by this Court, speaking through Justice Cody, in the recent case of Soule v. County of Galveston, Tex.Civ.App., 246 S.W.2d 491, 492, and in which a writ of error was refused by the Supreme Court on March 5, 1952 in which this Court held that: "Even had the County found it necessary in the construction of the roads to cast the surface waters on the Soule Tract, it would have had the authority to have done so by paying the owners thereof for taking their property for a public purpose. State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736, 737; State Const.Art. I, Sec. 17 [Vernon's Ann. St.]."

In the case of State v. Hale, supra [136 Tex. 29, 146 S.W.2d 736], the Supreme Court of this State said: "Public roads are a great public convenience, and, if necessary to carry out plans for the completion of a public road, private property may be totally or partially taken or damaged to accomplish that purpose. This carries with it the power, if need be, that a servitude may be created on land not actually taken or occupied by the public highway, for the purpose of carrying off the water, the natural flow of which is changed or diverted by the construction of such highway."

Senate Bill No. 192, Article 6789a, Vernon's Annotated Civil Statutes which provides for the acquisition of rights-of-way for public roads, reads:

"Section 1. Any Commissioners' Court is hereby authorized and empowered to acquire by purchase or by condemnation any new or wider right-of-way or land not exceeding one hundred (100) feet in width for stream bed diversion and drainage channels only in connection with the locating, relocating, construction, reconstruction or maintenance of any public road, and to pay for the same out of the County Road and Bridge Fund or out of any available county funds."

Articles 2351, R.C.S.1925, provides in part that:

"Each commissioners court shall:

\* \* \* \* \* \*

"3. Lay out and establish, change and discontinue public roads and highways.

\* \* \* \* \* \*

"6. Exercise general control over all roads \* \* \* in their counties.

\* \* \* \* \* \*

"15. Said court shall have all such other powers and jurisdiction, and shall perform all such other duties, as are now or may hereafter be prescribed by law. \* \* \*"

The material parts of Article 3264, R.C.S. 1925, read:

"The exercise of the right of eminent domain shall in all cases be governed by the following rules:

"Sec. 1. When real estate is desired for public use by \* \* \* a county \* \* \*, the party desiring to condemn the property after having failed to agree with the owner of the land on the amount of damages shall file a statement in writing with the county judge of the county in which the land \* \* \* is situated. It shall describe the land sought to be condemned, state the purpose for which it is intended to be used, the name of the owner, if known, and that the plaintiff and the owner have been unable to agree upon the value of the land or the damages. \* \* \*

"2. When such statement is filed with the county judge, he shall, either in term time or vacation, appoint three disinterested freeholders of said county as special commissioners to assess said damages * * *."

The material parts of Article 3264a read:

"The right of Eminent Domain is hereby conferred upon counties of the State of Texas for the purpose of condemning and acquiring land, right of way or easement in land, private or public, * * * where said land, right of way or easement is necessary * * * for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State.

"All such condemnation proceedings shall be instituted under the direction of the commissioners' court, and in the name of the county, and the assessing of damages shall be in conformity to the Statutes of the State of Texas for condemning and acquiring right of way by railroads. That no appeal from the finding and assessment of damges by the commissioners appointed for that purpose shall have the effect of causing the suspension of work by the county in connection with which the land, right of way, easement, etc., is sought to be acquired. * * *"

Article 3265 states the Rule of Damages to be applied in condemnation proceedings.

Subdivisions 6 and 7 of Article 3266 provide for an appeal at the instance of any party dissatisfied with the award of the special commissioners assessing damages and provide that in the event of an appeal that "the cause shall be tried and determined as in other civil causes in the county court."

Subdivision 3 of Article 3268 provides in part that:

"3. Should it be determined on final decision of the case that the right to condemn the property in question does not exist, the plaintiff shall surrender possession thereof, if it has taken possession pending litigation, and the court shall so adjudge and order a writ of possession for the property in favor of the defendant, and the court may also inquire what damages, if any, have been suffered by the defendant by reason of the temporary possession of the plaintiff, and order the same paid out of the award or other money deposited; * * *.

"If the cause should be appealed from the decision of the county court, the appeal shall be governed by the law governing appeals in other cases; * * *."

The facts in the case of Wilson v. Donna Irrigation District No. 1, Tex.Civ.App., reported in 8 S.W.2d 187, 188 (error refused), are similar in all material respects to those in the instant case. In that case Wilson brought suit against the irrigation district for a temporary injunction to restrain the district, its officers, agents and employees from the prosecution of condemnation proceedings pending in the County Court of Hidalgo County, and from attempting to take possession of his land. He alleged that said District, by reason of the contract, had changed and had run its ditch over plaintiff's lands, not as a necessity, but for the purpose of benefiting one J. C. Engelman, Jr., and that the attempt of defendant district to condemn the lands and property of plaintiff was but a subterfuge and an attempt under the guise of its powers of eminent domain, to take plaintiff's property for the private use of the said Engelman, and not for public use. The trial court sustained the defendant irrigation district's exception, holding that: "* * * it appeared on its face that the county court of Hidalgo county had acquired jurisdiction of the cause, * * *." The court dissolved the temporary injunction and dismissed the cause.

In affirming the judgment of the trial court, the San Antonio Court of Civil Appeals held that the irrigation district, as a political subdivision of a county, had the power of eminent domain, and that the mode is fully provided for, exercising such power by entering the county court in which the land or part thereof is situated, and that no other court is given the authority to initiate proceedings or to have

them executed, that the right of appeal is given from the county court as in other cases. Citing Article 3268. The court in its opinion stated: "Admittedly, when appellee complied with the statute, as alleged, and entered the county court of Hildalgo county, that court obtained jurisdiction of the subject-matter, and the county judge has full authority to pass on all questions that might arise in the case. * * * No case has been cited by appellant, nor has a diligent search by this court revealed the issuance of an injunction to restrain the action of the county court in a prima facie legal condemnation suit, and to pass upon issues which might be submitted to the county court. Appellant has the opportunity to be heard on all the matters raised by him as to the legality of a condemnation of his land for the purposes alleged by him. If he should not be satisfied with the action of the county court in the premises, he has the right of appeal, where he can present all the defenses sought to be made the basis of the issuance of a writ of injunction. If the ditch sought to be dug is not for a public use, the presumption will prevail that the county court will not countenance the condemnation of the land. If there is no necessity for appropriating the land, the presumption is that the county court will not permit its appropriation. If the court, however, permits the appropriation of the land in defiance of appellant's rights and the Constitution and laws, appellant can obtain redress by an appeal."

Continuing, the court said: "* * * It is true, as stated by appellant, that the district court is one of general jurisdiction, but when a statute confers a special jurisdiction on another court, that deprives the district court of its general jurisdiction over the subject-matter. The jurisdiction of the county court had attached, and, up to the time appellant sought to enjoin action of that court, had taken no step not sanctioned by law. The district court cannot, by injunction or otherwise, deprive the county court of its jurisdiction. No court in Texas has ever upheld interference with the lawful exercise of its jurisdiction by the county court over condemnation suits. All the cases in which injunctions have

issued to restrain condemnation proceedings were those in which county courts had violated the law and exceeded their jurisdiction. In this case the proceedings are prima facie legal and regular, and the proceedings are not assailed and sought to be prevented on account of any irregularity on their face, but on account of defenses which appellant may present against condemnation of his property. In a case somewhat similar to this, Ellis v. Houston & T. C. R. Co. [Tex. Civ.App.], 203 S.W. 172, the Court of Civil Appeals * * * held: '* * * As the county court acquired jurisdiction to determine the controversy, and as it had exclusive original jurisdiction to try and determine it, that court's jurisdiction so to do could not be ousted by the district court. * * * If under such a showing it can be said that the property sought to be condemned is not subject to condemnation it must be presumed that the county court will so decide. It cannot be presumed that its decision will be incorrect. In any event, appellant's remedy for an erroneous decision by that court will be by appeal to a higher court in which is vested the power to correct the error.'"

Citing, among others, the case of Benat v. Dallas County, Tex.Civ.App., 266 S.W. 539, the court, quoting from the opinion in that case, said: "'We recognize the correctness of the doctrine of the Ellis and other cases referred to, that is, that where the condemnation of property is sought by a petitioner to whom the power of eminent domain is given by law all questions that may arise in said proceedings, such as the right to exercise the power in the instant case, or the right to condemn the particular property involved, the amount of damages, the regularity of the proceedings, etc., must and should be determined in the condemnation proceedings for the reason that in all such cases the statutes regulating the condemnation of property apply and must therefore control.'"

In the case of Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4, 5, the Supreme Court decided that the Commissioners Court could act on its own initiative under R.C.S. Article 3264a without interference by the District Court, and that it was

only in those cases where the Commissioners Court was acting under Articles 6702 to 6716, R.C.S., based on a petition by freeholders, that the District Court could interfere with the proceeding.

In that case the court said: "The principal question for decision here is whether the commissioners' court of Tarrant county has authority to condemn certain property for public road purposes by virtue of article 3264a of the Revised Statutes * * *. In this connection, we hold that under our laws the matter of determining the necessity for the construction and location of public highways of this kind and character is left to the sound judgment and discretion of the commissioners' court. The appellate courts have repeatedly held that the judgments of commissioners' courts in all matters over which they are given jurisdiction by the Constitution and statutes are entitled to the same consideration as those of other courts provided for by the Constitution."

■ Under the above authorities it is, we think, unquestionably the rule in this State that when the Commissioners Court initiates a condemnation proceeding of its own motion and not in response to a petition of freeholders, and proceeds according to the applicable statute, Article 3264a, the District Court is without authority to interfere with the proceedings as commenced. Title 52, R.C.S., affords a sufficient and exclusive remedy to the landowner.

In the case of Gulf Coast Irrigation Company v. Gary, 118 Tex. 469, 14 S.W.2d 266, 270, the irrigation company appealed to the Court of Civil Appeals, which certified a question to the Supreme Court, reading: "Did the district judge err in taking jurisdiction and in granting the writ as so modified?" The Supreme Court answered that the District Court did err in taking jurisdiction and granting the injunction, and, continuing, said: "In answering the above question as above we are fully aware, under the decisions of this court, that where the condemnation proceedings are void for want of power or jurisdiction in the county court to condemn the property, then an attempted entry under such void proceedings may be enjoined." (Citing authorities.)

"The rule announced in the above authorities can have no application to the facts of the case at bar. As shown by the certificate, and admitted in the briefs and arguments of both parties in this court, every step in the proceedings in the county court were in absolute conformity with the statute up to and including the filing of appellee's answer before said commissioners. Under such circumstances the county court obtained jurisdiction of said cause." (Citing authorities.) Continuing, the court said: "* * * All these matters may legally and properly be adjudicated and settled in the case pending in the county court."

We have carefully considered all points of error presented by appellant and, finding no reversible error in the record, the temporary restraining order heretofore issued by this Court must, we think, be dissolved, and it is so ordered.

The judgment of the trial court is in all things affirmed.