Mrs. Rubye C. MYERS et al., Appellants,

v.

TEXAS EASTERN TRANSMISSION CORPORATION, Appellee.

No. 3497.

Court of Civil Appeals of Texas.

Waco.

Oct. 24, 1957.

Rehearing Denied Nov. 14, 1957.

George Red, Pat. N. Fahey, Houston, and Jean E. Junker, Rosenberg, for appellants.

Vinson, Elkins, Weems & Searls, Robert E. Morse, Jr., Houston, Peareson, Scherer & Roberts, Richmond, for appellee.

HALE, Justice.

The controlling question presented on this appeal is whether the County Court of Fort Bend County or the District Court of that county acquired jurisdiction to try the disputed issues of fact arising out of the condemnation proceedings in controversy.

Appellee is a Delaware corporation with a permit to do business in Texas. On February 5, 1957, it filed with the County Judge of Ft. Bend County, Texas, its original statement in accordance with the statutes of the United States and of the State of Texas, whereby it initiated a proceeding for condemnation of a right-of-way or easement across 160 acres of land belonging to appellants. In its statement, appellee alleged that it was a natural gas company, within the meaning of the Natural Gas Act of June 1938, as amended, 15 U.S.C.A. § 717 et seq., and as such it was engaged in the transportation and sale of natural gas in interstate commerce; that in accordance with the Natural Gas Act and the orders of the Federal Power Commission, it had the power of eminent domain in connection with the construction, operation and maintenance of a natural gas pipeline in Ft. Bend County, Texas; that it was necessary for the construction, operation and maintenance of said line and appurtenances that it acquire the right-of-way and easement described therein across the property of appellants; and that "Petitioner especially alleges that it cannot acquire said right of way and easement by contract with said Respondents and has been unable to agree with them upon the compensation to be paid for said easement or the amount of damages and therefore brings this proceeding in comdemnation under the laws of the State of Texas."

On February 18, 1957, Special Commissioners theretofore appointed for that purpose held a hearing and assessed actual damages which would accrue to appellants by reason of the condemnation at the sum of $2,304. Thereupon the appellants duly filed in the County Court of Ft. Bend County their exceptions and objections to the award of the Commissioners, alleging, among other things, that the Court had no jurisdiction of the cause by reason of the alleged fact that appellee was seeking only a temporary easement over a part of the land which it sought to have condemned. After the appeal had been docketed in the County Court of Ft. Bend County, appellee filed its answer to the exceptions and objections theretofore interposed to the award of the Commissioners, and alleged specifically that there was authority in law for the taking of rights which terminate in the future.

On March 8, 1957, appellants filed their original petition in the District Court of Ft. Bend County, Texas, whereby they sought, through an independent action in that court, to interfere with the proceedings theretofore instituted in the County Court of Ft. Bend County, seeking in such original proceeding to enjoin appellee from taking the easement and from constructing the pipeline thereunder across the land of appellants, notwithstanding the fact that appellee had deposited in the registry of the County Court the amount of the damages assessed by the Special Commissioners. The District Court denied appellants' application for a temporary and permanent injunction, and hence this appeal.

Appellants say the trial court erred in denying their prayer for temporary and permanent injunction and by holding "in effect that it had no jurisdiction to enjoin the condemnation and taking by appellee of the temporary right-of-way across appellants' 160 acre farm in Ft. Bend County, Texas." On the contrary, appellee says the District Court properly denied appellants' prayer for temporary injunction and for permanent injunction, and properly held "that it lacked jurisdiction to interfere with the condemnation proceedings pending before the County Court."

After due consideration of the record before us we have concluded that the County Court of Ft. Bend County acquired jurisdiction to the exclusion of the District Court for the adjudication of the disputed issues of law and fact arising out of the condemnation sought by appellee. In the case of Gill v. Falls County, Tex.Civ.App., 243 S.W.2d 277, 280, which arose out of proceedings almost identical with the proceedings in the case now before us, this court said:

"These allegations (referring to the allegations upon which the condemnation proceedings were based) conferred jurisdiction on the County Court in this respect. The appellants filed their exceptions and objections to the report of the special commissioners appointed, in which they denied these allegations, thereby creating an issue of fact to be determined by the County Court. Under such circumstances it is the power and duty of the County Court to determine its own jurisdiction. Therefore the District Court did not have the power to grant the relief sought by appellants. In the absence of any fact issue to be decided by the County Court, if the proceedings were void the District Court would have a right and duty to enjoin the same under its general equitable powers.

"We believe the following decisions are controlling of the foregoing three points advanced by the appellants: Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, [17 S.W. 2d 774]; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4; Lone Star Gas Co. v. Birdwell, Tex.Civ.App., 74 S.W.2d 294, and the cases cited therein."

See also: Houston North Shore Railroad Co. v. Tyrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; Aycock v. Houston Lighting & Power Co., Tex.Civ.App., 175 S.W.2d 710 (er. ref. w. o. m.); Bradford v. Magnolia Pipe Line Co., Tex.Civ.App., 262 S.W.2d 242; City of Bryan v. Moehlman, Tex., 282 S.W.2d 687.

■■■ Appellee alleged in its original statement before the County Judge, and in its pleadings in the District Court, that the use of a strip of ground 50 feet in width across appellants' 160 acres of land was necessary in order to enable it to construct its pipeline, but that after its construction, use of only 30 feet out of the center of the 50 foot strip would be necessary in order to enable it to maintain and operate such pipeline. These allegations constitute the basis of appellants' contention that the condemnation sought by appellee was in part for a temporary right-of-way, and that no condemnation of such right-of-way is authorized by law. We cannot agree with this contention, in so far as the facts of this case are concerned. As we understand the law, a condemner is not entitled to take the legal title to condemned property but is entitled only to take possession of so much of the property for such use and length of time as may be reasonably necessary to accomplish the intended purposes for which the condemnation is sought. Therefore, in this case, jurisdiction of the County Court to try the disputed issues of fact arising out of the condemnation proceedings should be determined, we think, by the County Court and not by the District Court.

Accordingly, all of appellants' points are overruled and the judgment appealed from is affirmed.