Rhoda Baylor HARRELL et al., Appellants,

v.

COUNTY OF LA SALLE et al., Appellees.

No. 3654.

Court of Civil Appeals of Texas.

Eastland.

July 7, 1961.

Rehearing Denied Sept. 8, 1961.

Robert R. Murray, San Antonio, for appellants.

L. B. Cooper, Cotulla, John N. Hodges, Jr., County Atty., Cotulla, Joseph G. Rollins, Asst. Atty. Gen., for appellees.

GRISSOM, Chief Justice.

Mrs. Rhoda Baylor Harrell and others own a ranch in La Salle County. L. L. Graham has a grazing lease thereon. The State of Texas and La Salle County instituted condemnation proceedings to obtain an easement for highway purposes across said ranch. Commissioners were duly appointed and assessed the damages to the owners and lessee in a lump sum. They did not apportion the damages between them. The condemnees duly and timely filed objections to the award. The owners filed this suit in the District Court to enjoin the condemnors from taking possession while the condemnation case is pending. The basis of the injunction suit was that the condemnors had not complied with Article 3268, Vernon's Ann.Civ.St., which provides that if the condemnor desires to enter upon and take possession of the property sought to be condemned pending litigation, it may do so, after the award of the commissioners, upon depositing said amount in court subject to the order of the defendant. The gist of the land owners' contention is that, since the commissioners did not apportion the damages and there was no dispute between the owners and tenant about the ownership or the interest each has in the land, said statute has not been complied with because no deposit "subject to the order of" the land owners has been made. The land owners say the statutory prerequisite to possession has not been complied with because they cannot accept the award and take their money unless they do so jointly with the tenant

and that they and the tenant cannot agree on the amount each is entitled to receive. The injunction was refused by the District Court and the land owners have appealed.

 The land owners duly and timely filed objections to the commissioners' award and the condemnation proceeding then became a case pending in the County Court. The County Court having acquired jurisdiction of the condemnation case, the District Court does not have jurisdiction of this suit for an injunction to restrain the condemnors from entering upon said land while said case is pending in the County Court, Gulf Coast Irr. Co. v. Gary, Tex. Com.App., 118 Tex. 469, 14 S.W.2d 266; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4, 9; Wilson v. Donna Irr. District, Tex.Civ.App., 8 S.W.2d 187 (Writ Ref.); Lone Star Gas Company v. Birdwell, Tex.Civ.App., 74 S.W.2d 294; Gill v. Falls County, Tex.Civ.App., 243 S.W.2d 277.

 The commissioners, if they could, should have apportioned the damages and the condemnors should then have deposited the amount of such separate awards subject to the orders of the land owners and tenant, respectively. But, there was evidence that the commissioners could not determine from the evidence the proportionate part of the award to which each was entitled. Where the commissioners are unable to determine the amount of the award that should go to the different owners the requirements of the statutes are sufficiently met by a general award in a lump sum to the several owners or claimants of the land. 16 Tex.Jur. 770, 771; 22 Tex.Jur.2d 233. Failure to apportion the award and to deposit separate amounts to the credit of each did not render the proceeding void. Angier v. Balser, Tex.Civ.App. 48 S.W.2d 668, 671 (Writ Ref.); Davidson v. Texas & N. O. Ry. Co., 29 Tex.Civ.App., 54, 67 S.W. 1093; State v. Vaughan, Tex. Civ.App., 319 S.W.2d 349, 358; 22 Tex. Jur.2d 233; Isaac v. City of Houston, Tex. Civ.App., 60 S.W.2d 543; Pillot v. City of

Houston, Tex.Civ.App., 51 S.W.2d 794; Walsworth v. San Antonio & A. P. Ry. Co., Tex.Civ.App., 10 S.W.2d 194, 195.

 The condemnation proceeding was not void. It is now a case pending in the County Court. The County Court has jurisdiction to hear and determine all issues involved in the condemnation case and the District Court has no jurisdiction to interfere therewith. If the land owners have no adequate remedy at law the County Court has jurisdiction to enjoin any act which would tend to render its judgment ineffectual. Brazos River Conservation and Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842, 846; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4, 9. The judgment of the District Court refusing the injunction and dismissing the case is affirmed.