## Missouri, Kansas & Texas Railway Company of Texas v. Henry Wetz.

### No. 1309.  Decided May 19, 1904.

**Railway—Cattle Guards.**

The statute requiring a railway company to construct cattle guards at the points where it enters an inclosure (Rev. Stats., arts. 4523-4527) applies though it has by deed, instead of condemnation, acquired the fee, instead of a mere right of way across same, and has fenced its track.  (P. 583.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Comal County.

*Fiset, Miller & McClendon,* for appellant.—The provisions of the statute requiring cattle-guards or stops do not apply where the owner of the inclosure has parted with the fee to the land upon which the right of way is situated. Rev. Stats., arts. 4523 to 4527, inclusive.

The statute was designed to preserve inclosures intact, and does not apply where the owner thereof has parted with the title to the fee to the strip of land over which a railroad company's right of way extends.  In

parting with title to the fee in a strip extending entirely across an inclosure, that which was formerly a single tract of land became three tracts. The railroad company's title, at least as between the parties to this suit, is as absolute as the title of an individual who had by purchase acquired the same land of the owner. This title of the railroad company necessarily carries with it all the rights of ownership. It can give it away, sell it, separate it from the two tracts of which it was formerly a part by any barriers it might choose to erect. Plaintiff retained no interest whatever in the land. He voluntarily parted with every right he had in it when he made the conveyance, for a consideration which he deemed adequate. The right to drive his stock across this strip existed only in so far and in such manner as the railroad company might see fit to grant it. The fact that the company built its right of way along this strip could add nothing to the rights of plaintiff and could take nothing from the rights of defendant, which were determined by the conveyance.

*M. E. Guinn* and *L. H. Blevins,* for appellee.

WILLIAMS, Associate Justice.—Certified question from the Court of Civil Appeals of the Third District, as follows:

"Appellee brought suit in the Justice Court of Precinct No. 1, Comal County, to recover for damages alleged to have been sustained by him on account of the failure of appellant to erect and maintain cattle-guards at the points where its railroad entered the inclosure of appellee, in accordance with article 2533 of the Revised Statutes of Texas.

"Upon appeal to the District Court of said county, which had jurisdiction of said case, appellee recovered judgment for $175, from which this appeal is prosecuted.

"The evidence discloses that the appellant, prior to any of the damages complained of, obtained from appellee and his wife a general warranty deed, duly executed and acknowledged, to the strip of land 100 feet in width on which its right of way is situated, and over which its railroad is constructed. It has during all the time complained of had its right of way fenced entirely across this strip on each side, but in this right-of-way fence has erected and maintains gates, affording appellee ingress and egress to his land upon each side of the railroad.

"By proper assignments of error and propositions, the appellant presents the question whether the provisions of articles 4523, 4524, 4525, 4526 and 4527 apply in cases where the railroad company has not condemned its right of way, but owns the land under a proper conveyance.

"In view of the fact that the jurisdiction of this court is final in this case, and of the importance of the question involved under the foregoing facts, the Court of Civil Appeals of said district certifies to the Supreme Court the following question:

"Do the articles of the statute above referred to apply to a case where a railroad is constructed through an inclosure where the railroad com-

pany obtained title by conveyance to the land on which the railroad is constructed?

"As possibly bearing upon the question certified, we respectfully refer to the opinion in the case of Calcasieu Lumber Co. v. Harris, 77 Texas, 18."

The question is answered in the affirmative.

In Houston E. & W. T. Ry. Co. v. Adams, 63 Texas, 200, the railroad company had acquired for its road the fee to a strip of land through plaintiff's inclosure and had, in construction, entered such inclosure, opening the fences, and not making cattle-guards at such openings nor fencing in its right of way. The plaintiff sought, among other things, to recover damages for the depredations of stock entering through the openings. It was held that the statute in question applied and made it the duty of the railroad company to construct cattle-guards, notwithstanding its ownership of the fee of the land on which it built and operated its road. The only difference between that case and this is, that in one there were and in the other there were not fences built along the margins of the right of way. Obviously that makes no difference as to the application of the statute. If the statute applied, it imposed the duty of providing cattle-guards and the company could not substitute something else. There is no good reason why the duty should not exist where the company owns the land which it uses as well as where it has only acquired a right of way. An entrance into an inclosure exposes it to stock as much in one case as in the other, and fences, which the company would be at liberty to erect in either case (Rev. Stats., arts. 4527, 4528), would afford equal protection in both. The language of the statute, without exception, imposes the duty whenever a railroad "passes through a field or inclosure," and no reason exists for taking such cases as this out of its operation.