MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. HENRY WETZ.

Decided March 29, 1905.

**1.—Railway—Cattle Guards—Pleading.**

In an action to recover damages for the failure of a railway company to erect cattle guards an allegation that "defendant's said line of railroad passes through the enclosed premises of plaintiff at a point about two miles north of L. station," sufficiently describes the location of the premises and avers plaintiff's ownership of them, as against a general demurrer.

**2.—Demurrer.**

An exception that the allegations of a petition are vague, indefinite and uncertain, without specification, is in effect no more than a general demurrer.

**3.—Railway—Cattle Guards—Damages.**

A pleading seeking to recover as damages for failure of a railway company to provide cattle guards, the expense to which plaintiff was put in hiring hands to drive his cattle back and forth, made necessary by such failure, was not subject to demurrer because such damages were remote, and evidence was properly admitted and recovery allowed for such damages.

Appeal from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*Fiset & McClendon,* for appellant.—Plaintiff's petition is insufficient in law, in that it fails to allege that plaintiff is the owner of the premises, damages to which he seeks recovery. Colbertson v. Beeson, 30 Texas, 76; Dibrell v. Ireland, 1 App. C. C. (White & W.), sec. 302; Seligson v. Hobby, 51 Texas, 147.

Plaintiff's petition is insufficient, because it does not describe the property for damages to which recovery is sought. Halley v. Fontaine, 33 S. W. Rep., 260; Hanks v. Enloe, 33 Texas, 624; Texas & P. Ry. Co. v. Elam, 1 App. C. C. (White & W.), sec. 447; Missouri P. Ry. Co. v. Johnson, 3 App. C. C. (Willson), sec. 275.

The allegations of plaintiff's petition failed to show that the damages complained of in this assignment resulted proximately from the failure to place cattle-guards as complained of.

The damages complained of could only be obviated by placing an open crossing in plaintiff's pasture, and this is not a suit for such open crossing or failure to provide same.

The court erred in refusing defendant's first special charge. The evidence shows that the only damages complained of resulted, not from the failure to place cattle-guards at the points of entrance, as required by the statute, but from plaintiff having to drive his cattle across the right of way, which he would have to do even if the cattle-guards were placed there.

The court erred in refusing defendant's second special charge. The amount plaintiff would have to pay for hired help in driving his stock across defendant's right of way constituted no element of damage for which plaintiff can recover in this cause.

The court erred in that portion of its charge reading as follows: "If, however, any part of the damage sustained is due to the failure to place said cattle-guards, to that extent the plaintiff should recover," because said charge assumes that there was damage.

The court erred in the last sentence of its charge to the jury in giving the measure of damage, because the same is not clear, and is calculated to mislead the jury, and is confusing to the jury. The last paragraph of the charge of the court is as follows: "The damages, if any, recoverable, would be the difference between the reasonable cost of labor in driving animals to and from plaintiff's pasture without said cattle-guards and with said cattle-guards."

The damages complained of flowed from the fact that defendant's right of way had cut in two plaintiff's pasture, and not from the failure to place cattle-guards as required by statute.

*M. E. Guinn,* for appellee.—An averment of ownership of property is sufficient which alleges that "defendant's railroad passes through, over and across the enclosed premises of plaintiff," and again, "That plaintiff has a valuable pasture on one side of said railroad track, and a farm and residence, where he resides, on the other," and an objection thereto, not having been made by special exception or otherwise, in the court below, can not be raised in this court by a general demurrer. Tillman v.

Fletcher, 78 Texas, 673, 15 S. W. Rep., 161; Day Land & C. Co. v. State, 68 Texas, 535, 4 S. W. Rep., 868.

A petition which does not describe the premises, damages to which recovery is asked, sufficiently, should be specially excepted to, and an objection to same can not be raised by general demurrer. Thomas v. Chapman, 62 Texas, 195.

Defendant's second special exception being too general, it can be regarded only as a general exception. Weatherford M. W. & N. W. R. Co. v. Granger, 22 S. W. Rep., 959; Thomas v. Chapman, 62 Texas, 195.

The damage claimed by plaintiff is by reason of the failure and refusal of defendant to erect and maintain proper cattle-guards and stops, and to keep the same in repair, as required by law, at the points where said defendant's railroad track enters the enclosed premises of plaintiff, and the failure of said defendant to so perform the said duties, as required by law, is the direct and proximate result of said damages. Rev. Stats., arts. 4523-4527; Clark v. Dyer, 81 Texas, 343, 16 S. W. Rep., 1063; Missouri, K. & T. Ry. Co. v. Wetz, 97 Texas, 581, 80 S. W. Rep., 988; Missouri, K. & T. Ry. Co. v. Wetz, 81 S. W. Rep., 1276.

The statute imposes the duty of providing cattle-guards whether the right of way is fenced or not, and the plaintiff is entitled to recover all damages occasioned by a failure to so provide said cattle-guards. Rev. Stats., arts. 4523-4527; Missouri, K. & T. Ry. Co. v. Wetz, 80 S. W. Rep., 988.

EIDSON, Associate Justice.—This suit was instituted against the appellant by appellee in the District Court of Comal County for the sum of $500, alleged damages, for failure of appellant to place cattle-guards at the points where appellant's right of way enters appellee's enclosure.

Appellant filed general and special exceptions to plaintiff's petition, which were overruled by the court; also a general denial was pleaded by appellant. The cause was tried before a jury, which resulted in a verdict and judgment in favor of appellee for the sum of $200.

Appellant's first assignment of error complains of the action of the court in overruling and in not sustaining appellant's general demurrer to plaintiff's original petition. Under this assignment appellant submits the propositions that appellee's petition was insufficient, because it fails to allege that appellee is the owner of the premises, damage to which he seeks recovery for, and because it does not describe the property, damage to which recovery is sought. Appellee's petition alleges "that the defendant's said line of railroad passes through and over and across the enclosed premises of plaintiff at a point about two miles north of Landa's station, in said Comal County, Texas; and, although plaintiff has requested defendant to place proper cattle-guards and stops, and to keep the same in repair, as required by law, at the points where defendant's said railroad track enters the said enclosed premises of plaintiff, defendant has failed and refused, and still refuses, to erect and maintain said cattle-guards, etc." And further, "that he has a valuable pasture on one side of said railroad track, and a farm and residence where he resides on the other; that said pasture is fenced off from said residence by fence and railroad tracks erected by defendant, and plaintiff can not use or get

any benefit or revenue from said pasture unless he employs two additional hands, besides himself, to drive his stock (including cattle, horses and mules) across said track twice each day, at great expense, labor and trouble, all on account of the negligent failure and refusal on the part of defendant to erect proper cattle-guards and stops at the point of entering plaintiff's said enclosed premises as aforesaid. Plaintiff further states that, unless he employs two or three additional hands, the cattle will pass to the right or left of said right of way, and off outside of plaintiff's premises, to his great damage, etc." We think these allegations sufficiently allege ownership in appellee of the premises involved, and sufficiently describe same, especially as against a general demurrer.

Appellant's second assignment of error complains of the action of the court below in overruling what it denominates its special exception number 2 to appellee's original petition, which exception is as follows: "This defendant further excepts to the allegations of said petition, and says that the same are vague, indefinite and uncertain, and are not sufficiently specific to put defendant upon notice of plaintiff's cause of action and how to answer same, and of this defendant prays judgment of the court." This is only a general demurrer or exception, and the action of the court in overruling the same was not error, for the reasons stated in disposing of appellant's first assignment of error.

Appellant, by its third assignment of error, contends that the court below erred in overruling its third special exception to appellee's original petition. Said exception is as follows: "This defendant further excepts to the allegations of said petition, insofar as the same seeks to recover of defendant damages for having fenced off defendant's right of way, and depriving plaintiff of the benefit of his pasture or revenue therefrom, unless he employs two or more hands to drive his stock across defendant's track twice each day, at great expense and trouble, because (a) said damages, if any, are not the proximate result of failing to place cattle-guards at the points where defendant's right of way enters plaintiff's enclosure; (b) because said allegations do not show that such damages resulted proximately from such failure; (c) because defendant has a legal right to fence off its right of way and place gates, and said petition does not show that said damages would not result to plaintiff, if defendant had complied with the law and placed said cattle-guards or stops; (d) because the damages complained of can only be obviated by placing an open crossing in plaintiff's pasture, and this is not a suit for such open crossing, or failure to provide same."

Article 4523, Revised Statutes, provides as follows: "That each and every railroad company, whose railway passes through a field or enclosure, is hereby required to place good and sufficient cattle-guards or stops at the point of entering such field or enclosure, and keep them in good repair." Article 4527, Id., reads as follows: "Should any such company neglect to construct the proper cattle-guards and stops, and keep the same in repair, as required by law, such company shall be liable to the party injured by such neglect for all damages that may result from such neglect, to be recovered by suit in any court having jurisdiction." Appellee's petition alleges appellant's duty to provide the cattle-guards and stops, as required by law, and its failure to so provide same, and alleges the damages sustained by him resulting from such failure, and, in our opin-

ion, this is sufficient.   (Clark v. Dyer, 81 Texas, 343, 16 S. W. Rep., 1063; Missouri, K. & T. Ry. Co. v. Wetz, 97 Texas, 581, 80 S. W. Rep., 988; Id., 81 S. W. Rep., 1276.)   The statute imposes the duty upon the railway company to provide cattle-guards or stops whether its right of way is fenced or not, and the appellee would be entitled to recover damages occasioned by such failure to so provide cattle-guards, although appellant's right of way was fenced.   (Missouri, K. & T. Ry. Co. v. Wetz, 97 Texas, 581, 80 S. W. Rep., 988.)

There was no error in the refusal of the court below to give to the jury appellant's first special charge, because the evidence, as shown by the record, was sufficient to support the verdict of the jury.

By its fifth assignment of error appellant complains of the refusal of the court below to give its second special charge, which it as follows: "The jury are instructed that if, under the evidence and charge of the court, you find for plaintiff in any sum, then, in estimating such sum, if any, you are not authorized to take into consideration the amount, if any, which plaintiff would have had to pay for hiring help in driving his stock across defendant's right of way, had he seen fit or been compelled to hire such help."

The testimony as to the expense incurred on account of the hire of additional help by appellee, for the purpose of driving his stock across appellant's right of way, was competent and material to be considered by the jury in estimating the amount of damages, if any, to which appellee was entitled.

Appellant's sixth and seventh assignments of error complain of the charge of the court in reference to the damage to which appellee would be entitled and in reference to the measure of such damage.   In our opinion the charge of the court, when construed in its entirety, is not subject to the criticisms of appellant, and is a correct enunciation of the law applicable to the case, in view of the pleadings and the evidence.

Appellant's eighth and ninth assignments of error complain of the action of the court in permitting the appellee to testify that it would require two or more hands to drive his cattle, morning and evening, across appellant's right of way, without the cattle-guards at the points where same enters his pasture, than it would require if said cattle-guards had been placed at said points, and that said additional trouble is worth $10 per month, and, if he had to hire hands, he guessed it would take $20 to hire two men to take the cattle down in the evening and out in the morning for a month; and that the pasture mentioned in his petition was worth at least $10 or $12 per month; appellant's contention being that this testimony was incompetent, immaterial and irrelevant.   We do not agree with this contention of appellant.   In our opinion, the testimony was admissible and material, as tending to show that appellee was damaged by the failure of appellant to construct and maintain proper cattle-guards or stops, as required by law, at the points where its road entered appellee's enclosure, and the amount of such damage.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*