## BOWLEN v. BOWLEN. (No. 11937.)

Court of Civil Appeals of Texas. Fort Worth.
Oct. 29, 1927.

1. Injunction ⚖➡148(1)—Plaintiff in divorce held not required to file bond for issuance of injunction restraining defendant from taking children from plaintiff's custody and out of court's jurisdiction (Rev. St. 1925, arts. 4639, 4649).

In action for divorce and custody of minor children, injunction restraining defendant from molesting plaintiff and from taking children from custody of plaintiff and out of court's jurisdiction pending suit was properly granted, without requiring plaintiff to file bond as required by Rev. St. 1925, art. 4649, in view of article 4639, authorizing court to issue injunction for safety and well-being of children without specifically requiring bond.

2. Divorce ⚖➡298(1)—Welfare of children is paramount in awarding their care and custody.

Neither father nor mother has any property interest in their children, and in awarding their care and custody welfare of children is paramount.

3. Injunction ⚖➡148(1)—Injunction bond is intended to secure adverse party against damages which he may prove if writ was wrongfully sued out.

Purpose of an injunction bond is to secure adverse party against any damage he may suffer as result of writ and which he may be able to prove in event it may be determined that writ was wrongfully sued out.

4. Injunction ⚖➡148(1)—Injunction restraining removal of children in divorce action, though wrongful could not damage defendant except for costs, which can be secured independently of injunction.

As respects necessity for injunction bond in action for divorce and custody of children, defendant could not prove damages by issuance of injunction, if wrongful, restraining him from taking children from plaintiff's custody and out of court's jurisdiction aside from costs of suit, which may be covered by cost bond or affidavit in lieu thereof, which may be required of plaintiff independently of prayer for injunction.

5. Injunction ⚖➡148(1)—Issuance of injunction made unconditional by Constitution held not limited by statutory requirement of bond as condition for injunction (Const. art. 5, § 8; Rev. St. 1925, art. 4649).

Under Const. art. 5, § 8, expressly conferring jurisdiction on district courts and judges to issue injunctions and other writs necessary to enforce their jurisdiction, authority conferred is unconditional, and hence exercise of authority is not limited or controlled by Rev. St. 1925, art. 4649, requiring filing of bond as condition precedent to issuance of injunction.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Suit for divorce and the custody of minor children by Ellie Bowlen against Edward Bowlen. From an order granting a writ of injunction, defendant appeals. Affirmed.

Allred & Allred, of Wichita Falls, for appellant.

Laverne Somerville, of Wichita Falls, for appellee.

DUNKLIN, J. Ellie Bowlen instituted suit against her husband, Edward Bowlen, in the district court of Wichita county, for a divorce and for the custody of their two minor children. As grounds for the divorce, she alleged that the defendant had been guilty of such cruel treatment of her as to render their further living together as husband and wife insupportable; the cruel treatment consisting of allegations that the defendant has several times struck her in the face with his fist and abused her in the most outrageous manner, and had made declarations reflecting on her character. She further alleged that the defendant had twice taken the children away from her custody and is now threatening to take them to the state of Alabama, in order to separate plaintiff from them, and that if so taken the children would be thereby removed from the jurisdiction of the court. In her petition she prayed for a temporary writ of injunction restraining the defendant from coming about plaintiff and molesting her and from taking said children from her custody and out of the jurisdiction of the court during the pendency of the suit.

[1] The petition was duly verified by the plaintiff, and the judge of the district court granted the prayer for the temporary injunction, as shown by the indorsement on the petition; the date of the order being the same as that upon which the petition was filed. The plaintiff was not required to file, and did not file, any bond for the issuance of the writ.

The defendant, Edward Bowlen, has prosecuted this appeal from the order granting the writ of injunction, and the principal ground upon which he relies is that the trial judge was not authorized to grant the writ without requiring a bond to be executed by the plaintiff as a predicate therefor, as required by article 4649, Rev. Civ. Statutes of 1925. In Ex parte Coward, 110 Tex. 587, 222 S. W. 531, it was held that by virtue of the statute the giving of a bond was made a condition precedent to the issuance of a temporary writ of injunction in a suit for divorce brought by a wife, and that such a writ, when issued with-

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

out a compliance by the plaintiff with the requirements of that statute, is void. Upon first impression, we were inclined to believe that the decision is applicable in the present suit, but upon a more mature consideration we have reached a contrary conclusion. The writ issued in that case was for the protection of property rights of the complaining wife, and no doubt the decision is applicable and controlling in all cases where property rights are involved. However, the writ issued in the present suit was, first, for the purpose of preserving and protecting the jurisdiction of the court to award the custody of the minor children of the parties either to the plaintiff or to the defendant; and, second, for the protection of the welfare of the children themselves.

Article 4639, Rev. Statutes of 1925, reads:

"A divorce shall not in any wise affect the legitimacy of the children of the parents so divorced. The court shall have power, in all divorce suits, to give the custody and education of the children to either father or mother, as the court shall deem right and proper, having regard to the prudence and ability of the parents, and the age and sex of the children, to be determined and decided on the petition of either party; and in the meantime to issue any injunction or make any order that the safety and well-being of any such children may require."

[2] It is a familiar rule that neither the father nor the mother has any property interest in their children, and that in awarding their care and custody the welfare of the children is paramount. In the present suit the children, of course, are not parties, and their right to protection should not be made dependent upon the giving of a bond by the mother to respond in damages to the father; especially since the statute quoted above is for their benefit alone and in specific terms vested in the trial judge authority to grant the writ without any further provision that a bond should be first required of the mother. Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Wood v. Deaton, 93 Tex. 243, 54 S. W. 901; Ex parte Reeves, 100 Tex. 617, 103 S. W. 478; Green v. Green (Tex. Civ. App.) 146 S. W. 567.

[3, 4] Furthermore, the purpose of an injunction bond is to secure the adverse party against any damages he may suffer as a result of the writ, and which he may be able to prove, in the event it may be determined that the writ was wrongfully sued out; and no such damages could be proved by the defendant aside from the loss of costs of suit, and that would be covered by a cost bond or affidavit in lieu thereof which may be required of the plaintiff independently of her prayer for the issuance of the writ of injunction. 32 Corpus Juris, 313.

[5] Moreover, by article 5, § 8, of our Constitution, jurisdiction is expressly conferred upon district courts and the judges thereof to issue injunctions and all other writs necessary to enforce their jurisdiction. The authority so given is unconditional, with no provision that it shall be subject to any regulations to be prescribed by the Legislature; and therefore the exercise of that power is not limited or controlled by the provisions of article 4649, Rev. Statutes of 1925, requiring the filing of a bond as a condition precedent to the issuance of a writ of injunction.

For the reasons stated, the judgment of the trial court is affirmed.