## ALEXANDER v. FORT WORTH & D. S. P. RY. CO. (No. 3092.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 24, 1928.

W. H. Russell, of Hereford, for appellant.
Joiner & Cook, of Plainview, and Mark Cowsert, of Dimmitt, for appellee.

HALL, C. J. This is an appeal from a judgment of the district court of Castro county, dissolving a temporary injunction. The appellee railway had attempted to condemn a right of way for use in constructing a wye upon land owned by appellant near the town of Dimmitt. An appeal was prosecuted from the condemnation proceedings to this court in April, 1928. While that appeal was pending here, the appellant applied to the district judge for a temporary injunction, which was granted upon the allegation that the railway company, in constructing its road and preparing the ground for its wye upon appellant's land, had .repeatedly torn down his fences and that it was continuing to do so, leaving his farm open and unfenced, resulting in live stock destroying his crops and eating the grass in his pasture. He alleges that unless the defendant is restrained from doing so, its employees will continue to tear down and destroy his fences; that it is building a dump five feet high for the purpose of constructing its wye upon it; and further sets up the alleged illegalities in the condemnation proceedings, all of which were involved in the appeal heretofore filed.

The judgment in the condemnation proceeding has been reversed and remanded. While that appeal was pending here, the court heard the motion to dissolve the temporary injunction and granted the motion, from which this appeal is prosecuted.

■ The order dissolving the injunction is based upon the pleadings as well as upon the facts introduced during the hearing of the motion to dissolve. We think the court correctly dissolved the injunction. If appellant is being damaged by the appellee railway company in the construction work being done in his inclosure, by leaving the fences open or otherwise, he has his remedy at law. Missouri, Kansas & Texas Railway Co. v. Wetz, 97 Tex. 581, 80 S. W. 988; Southwestern Telegraph & Telephone Co. v. Krause (Tex. Civ. App.) 92 S. W. 431; H. E. & W. T. Railway Co. v. Adams, 63 Tex. 200.

■ This proceeding is, in its essence, a collateral attack upon the condemnation proceeding, which is not permissible. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063.

■ If appellant is dissatisfied with the result of the condemnation proceeding, his remedy is by appeal and not by injunction. Ellis v. H. &. T. C. Railway Co. (Tex. Civ. App.) 203 S. W. 172. He is not entitled to the injunction for the further reason, as stated, that he has his remedy at law for the recovery of his damages. Garner et al. v. C. R. I. & G. Ry. Co. (Tex. Civ. App.) 297 S. W. 1067; Allen & Yarbrough v. T. & P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 1102.

For the reasons stated, the judgment is affirmed.