J. W. NAGY, Appellant,

v.

CITY OF AMARILLO and Texas Highway Department, Appellees.

No. 7149.

Court of Civil Appeals of Texas.

Amarillo.

May 14, 1962.

Rehearing Denied June 18, 1962.

Monning & Monning, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Will Wilson, Atty. Gen., and Morgan Nesbitt, Asst. Atty. Gen., Austin, for appellees.

CHAPMAN, Justice.

On May 17, 1960 the City of Amarillo filed its petition for Condemnation of lot 3 block 1, in Amarillo Heights, an Addition to the City of Amarillo, to be used in the construction, maintenance, and improvement of an expressway within the City. A drive-in restaurant being located on the lot, the petition alleged * * * "there are certain trade fixtures on the premises * * * listed as Exhibit "A", attached hereto * * * which are specifically excluded from this condemnation action and *which will remain the personal property of defendants, J. W. Nagy and wife, Mary Nagy.*"

All emphasis shown herein are ours.

After appointment of Commissioners, and notice to all necessary parties, the Commissioners, on June 2, 1960, made their award in which they specifically excepted the trade fixtures attached as Exhibit "A" to the named petition and referred to in the pleadings as "personal property of defendants."

On June 29, 1960 the County Court entered its judgment in Condemnation reciting that more than 10 days had elapsed since the award of the Commissioners was filed with the County Judge and that neither plaintiff nor any of the defendants had filed with the County Judge any objections in writing to the award of the Commissioners. In the judgment it was provided the trade fixtures were specifically excepted and that the $13,750.00 in the Registry of the Court should be paid to the Nagys and the other parties owning liens or any interest in the property. Defendants acquiesced in the amount and accepted the money.

Without objecting to the award and without appealing to the County Court appellant filed in the 108th District Court on August 30, 1960 the instant case in which they sought to have some, but not all, of the items enumerated in Exhibit "A" declared a part of the realty. They sued City of Amarillo and the Texas Highway Depart-

ment in three counts, alleging (1) trespass to try title, (2) asking for a declaratory judgment and (3) seeking an injunction against them from taking the fixtures until they had been condemned. The trial court sustained pleas in bar on the ground that the condemnation case was res judicata of the status of the trade fixtures. It is from that judgment appeal has been perfected.

Condemnors may acquire title only to real property under Art. 3264 et seq., Vernon's Ann.Civ.St., the Articles under which the Nagy real property was condemned. Sec. 1 of Art. 3264 provides:

"When *real estate* is desired for public use * * * the party desiring to condemn * * * shall file a statement in writing with the county judge of the county in which the *land* or a part thereof is situated."

The Galveston Court of Civil Appeals has held in a condemnation case that it was the duty of the condemnor to identify trade fixtures in a restaurant located on property being condemned. City of Houston v. Priester, Tex.Civ.App., 302 S.W.2d 948 Syl. 4, (N.W.H.). City of Amarillo did this in its Exhibit "A" to its petition, after specifically excluding from condemnation the items to be thereinafter listed, * * * *"which will remain the personal property of defendants, J. W. Nagy and wife, Mary Nagy."* Appellants could have objected to the award of the Commissioners wherein they excepted the trade fixtures and could have appealed from the award to the county court and had that tribunal pass upon the status of such items. This was the procedure followed by the condemnee in the Priester case just cited. Thus the question before us actually resolves itself into whether it is the function of the County Court in a condemnation proceeding such as we have to determine if the trade fixtures were personal property or real property, or whether such function is to be determined in a separate proceeding in the District Court.

■ Our court has held that if a condemnee is not satisfied with the result in a condemnation proceeding his remedy is by appeal and not by injunction and that he has an adequate remedy at law for the recovery for his damages. Alexander v. Fort Worth & D. S. P. Ry. Co., Tex.Civ. App., 10 S.W.2d 266 (Writ Dismissed).

The Eastland Court of Civil Appeals has held:

"The County Court has jurisdiction to hear and determine *all* issues involved in the condemnation case and the District Court has no jurisdiction to interfere therewith." Harrell et al. v. County of La Salle et al., Tex.Civ. App., 348 S.W.2d 853, 854, Syl. 4.

This, of course, would be all those instances that do not contravene constitutional limitations. 22 T.J.2d, Eminent Domain Sec. 2, Page 315 and the cases there cited.

■ Since the County Court has exclusive statutory jurisdiction in all Eminent Domain matters, once that jurisdiction is invoked the property owner is precluded from pursuing a parallel suit in the District Court in the same subject matter. Missouri-Kansas-Texas R. Co. of Texas v. Jones et al., 24 S.W.2d 366 (Comm.App.); Wilson v. Donna Irr. Dist. No. 1, Tex.Civ. App., 8 S.W.2d 187 (Writ Refused). We see no escape from the fact that the status of the trade fixtures was before the Commissioners in the initial proceedings. They were itemized and the petition for condemnation to which the Exhibit "A" was attached alleged they were excluded as personal property. The Commissioners then specifically excluded them in their findings and no appeal was taken therefrom. That finding then became the judgment of the county court and cannot again be litigated in this proceeding.

We find no fault with the cases cited by appellants but believe their holdings are just not applicable to the facts in this case. Accordingly, the judgment of the trial court is affirmed.