**WHITE RIVER MUNICIPAL WATER DISTRICT, Appellant,**

v.

**Alleta WALKER et al., Appellees.**

No. 7257.

Court of Civil Appeals of Texas.

Amarillo.

May 6, 1963.

Rehearing Denied June 3, 1963.

Wicks & Wicks, Ralls, for appellant.

Howard, Moore & Armstrong, Lubbock, for appellees.

DENTON, Chief Justice.

This is an appeal from an interlocutory order granting a temporary injunction against White River Municipal Water District. In general, the temporary injunction restrained the Water District from condemning appellees' land above the maximum water level of the reservoir for park and recreational purposes, prohibiting the taking of the appellees' mineral estate under all lands sought to be condemned by the Water District, and prohibiting the condemning of the fee simple title to some 98.9 acres below the dam. The Water District has timely perfected its appeal from this interlocutory order.

The White River Municipal Water District, hereinafter referred to as Water District, was created by an act of the Legislature by Article 8280, Section 198, Vernon's Ann.Tex.St. The Statute authorized the Water District to acquire or construct a dam or dams, plants, and other facilities within the named three county district, necessary for the purpose of im-

pounding, processing and transporting water to the cities of Post, Ralls, Spur and Crosbyton, Texas. The act creating the Water District further provided:

"Sec. 10. (a) For the purpose of carrying out any power or authority conferred by this Act the District shall have the right to acquire the fee simple title to land and other property and easements (including land needed for the reservoir and dam and flood easements above the probable high water line around any such reservoirs) within or without the boundaries of the District, but not outside any County in which the District is located, by condemnation in the manner provided by Title 52, Revised Civil Statutes, as amended, relating to eminent domain. * * * The amount of and character of interest in land, other property and easements thus to be acquired shall be determined by the Board of Directors."

Section 24 of the creating act provides:

"Sec. 24. The District is authorized to establish or otherwise provide for public parks and recreation facilities, and to acquire land for such purposes within or without the District but not outside any county in which the District is located, provided, however, that no money received from taxation or from bonds payable wholly or partially from taxation shall be used for such purpose; nor shall the right of eminent domain be extended for such purposes."

The Board of Directors of the Water District instituted condemnation proceedings in the County Court of Crosby County to acquire fee simple title to 1908.71 acres owned by the appellees. Negotiations, proper notices, appointment of disinterested commissioners and other procedural steps were admittedly properly carried out. A hearing, after due notice, was held by the Commissioners on July 10, 1962, and an award of $98,307.46 was made on July 12, 1962. This amount was deposited by the Water District with the County Clerk of Crosby County on July 13. Appellees timely filed their objections to the award on July 31, 1962, and on this same date filed their petition for injunction in the District Court. The District Court granted a temporary injunction enjoining the Water District in the following particulars: From condemning or taking any oil, gas or other minerals under the land of appellees sought to be condemned, save and except rock, gravel, sand and soil needed by the District in constructing and maintaining the dam and reservoir; from condemning the fee simple title to Section 98, owned by appellees except 98.9 acres described by metes and bounds which lie below the dam and spillway. However, the Water District was allowed a flood easement over this parcel of land. The District was further enjoined from condemning and using appellees' land above the maximum high water line for park and recreational purposes. In effect the District Court permitted the condemnation of the surface rights of the excess land above the high water line, but prohibited it to be used for recreational purposes. Appellees bring forward a counter-point contending the trial court erred in failing to enjoin the District from taking the fee simple title in the excess land above the high water line.

■ The basic question to be determined is whether or not the District Court had jurisdiction to hear and act on the appellees' complaint. The general rule is well established that the institution of condemnation proceedings in the County Court vest that court with prior and exclusive jurisdiction, as against a petition for an injunction filed in the District Court, to hear and determine all matters at issue in the condemnation proceeding. Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4. Texas Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, 17 S.W.2d 774. Nagy v. City of Amarillo, (Tex.Civ.App.), 358 S.W.2d 682, (Refused,

NRE). Harrell v. County of La Salle, (Tex.Civ.App.), 348 S.W.2d 853, (Refused, NRE). However, it is also settled this general rule is subject to the exception that if the condemnation proceedings are void for want of power or jurisdiction such void proceeding may be enjoined. Tarrant County v. Shannon, supra. Texas Gulf Coast Irr. Co. v. Gary, supra. The gist of appellees' contention is that the condemnation proceeding is void and subject to being enjoined for the reasons the Water District is seeking to take land for park and recreational purposes contrary to the creating act, and that in seeking to take land above the high water line and below the dam and spillway, and the mineral interest, the District is attempting to take more land and a greater interest in that land than is necessary to carry out the purposes for which the District was created. As we understand it, appellees contend this taking exceeds the power or authority of the District.

 It is undisputed the condemnation proceedings were regular and that the statutory procedural steps were properly carried out. It is therefore apparent that the condemnation petition and the subsequent procedural steps taken were sufficient to invoke the jurisdiction of the County Court of Crosby County to hear and determine the issue of condemnation, unless the condemnation proceedings were in fact void. In our opinion whether the Water District has the power or authority to take the proximately 158 acres of so called "excess land" above the high water line, the mineral interests in all the land involved, and the 98.9 acres below the dam and spillway, are issues to be determined in the condemnation proceeding still pending in the County Court. The fact that these issues have been raised by the condemnees do not render the condemnation proceeding void. In Missouri-Kansas-Texas R. Co. of Texas v. Jones, (Tex. Com.App.), 24 S.W.2d 366, the railway sought an injunction in the District Court to enjoin the prosecution of a condemnation

suit until it could be determined by the District Court whether the right to condemn the property existed. In holding the District Court was without authority to enjoin the prosecution of the condemnation suit, the court used the following language:

"It is more reasonable to assume that the Legislature contemplated the power thus conferred upon county courts should be effective to fully accomplish the determination of condemnation matters instead of requiring parallel suits in different courts in regard to the same subject matter. When it gave jurisdiction to county courts in such cases, it must be presumed that it was the intention to confer such authority as was essential and necessary to accomplish the purpose for which the power was conferred; that is, to determine, subject to appellate review, all questions legitimately involved in any condemnation case. We think such purpose becomes apparent upon a consideration of the provisions of subdivision 3, art. 3268, R.S.1925, to the effect that, if upon a final trial in the county court it is determined that the right to condemn does not exist, the court shall so adjudge. This seems to plainly indicate a purpose to clothe the county court with power to determine the question as to whether under existing conditions a plaintiff has shown a right to condemn the property sought to be taken."

We think the language and holding in this case and the holding of Texas Gulf Coast Irr. Co. v. Gary, supra, are authority for the proposition the County Court is vested with full power and authority to determine questions properly arising in a condemnation case. See also Gill v. Falls County, (Tex.Civ.App.), 243 S.W.2d 277; Wilson v. Donna Irr. Dist. No. 1, (Tex.Civ.App.), 8 S.W.2d 187, (Writ Refused); Lone Star Gas Co. v. Birdwell, (Tex.Civ.App.), 74 S.W.2d 294. The questions presented here are proper matters to be litigated in the

pending condemnation proceeding. We therefore do not pass upon the question as to whether the facts pleaded and proved are sufficient to entitle the appellees to the relief being sought. The action of the County Court upon these matters will be subject to review when properly presented on appeal.

In view of our holding the District Court was without jurisdiction to hear and issue the injunction prayed for, a discussion of the remaining points of error becomes unnecessary.

The judgment of the trial court is reversed and the injunction issued by that court is dissolved.

Reversed and rendered.