**CITY OF HOUSTON, Appellant,**

v.

**PLANTATION LAND COMPANY, Appellee.**

No. 227.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 5, 1969.

Rehearing Denied April 9, 1969.

Wm. A. Olson, City Atty. Clifton E. Speir, Fred Spence, Senior Asst. City Attys. Houston, for appellant.

Will Sears, David Beale, Sears & Burns, Virgil Childress, Childress, Port & Crady, Houston, for appellee.

TUNKS, Chief Justice.

On September 5, 1968, the City of Houston filed a Statement in Condemnation with the Judge of the County Civil Court at Law No. 1 of Harris County, Texas. The property sought to be acquired by such condemnation was a fill easement to furnish lateral support to a street. The owners of the land in question are Plantation Land Company, a corporation, and Mrs. Oledia M. Hodges. The proceeding so filed was given the identification "Administrative No. 1759." Special commissioners were appointed and sworn, a hearing set for October 24, 1968 and the owners were given notice.

On October 23, 1968, the owners filed a separate suit in the County Civil Court at Law No. 1 of Harris County designating the City of Houston and the appointed commissioners defendants. By this suit the owners sought a temporary and permanent injunction to prevent the defendants from proceeding with the condemnation of, and taking possession of, their property under the proceedings identified as Administrative No. 1759. The basis upon which the owners sought such injunctive relief was an allegation that the City had not, in good faith, attempted to agree with them on the value of the land and the damages that would result from the taking. After a hearing the trial court granted the owners' petition for temporary injunction. The City has appealed.

■ The Harris County Civil Court at Law No. 1 is a legislative court. It is given jurisdiction over matters of eminent domain. Article 1970–110d, Vernon's Ann. Tex.Civ.St. That is to say, controversies in eminent domain are within the scope of the judicial power which it is given by the statute. The court, however, may not exercise that judicial power until its jurisdiction is invoked in the manner required by law. State v. Olsen, (Tex.Sup.Ct.), 360 S.W.2d 398.

■ In addition to the judicial power of the Harris County Civil Court at Law No. 1, it is, by the above cited statute, given "administrative and ministerial jurisdiction" in matters of eminent domain. This administrative jurisdiction is invoked by the filing, by a condemnor having power of eminent domain, of a petition for condemnation in proper form and the service of notice. City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947. Article 3264, V.A.T.S. The judicial power of the court in eminent domain is invoked by the timely filing of objection to the award of the special commissioners. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935.

The question with which we are presented by this appeal is: May the county court try the issue of good faith negotiation in a separate suit for injunction filed by the owners, or must that issue be tried when the county court's judicial jurisdiction is invoked by the filing of an objection to the Commissioners' award?

The City of Houston, in its statement of condemnation, recited all of the facts necessary to invoke the administrative condemnation jurisdiction of the trial court, including a recitation that it had been unable to agree with the owners as to value and damages. The sufficiency of the statement of condemnation, itself, is not questioned. The owners' petition for injunction is based solely on the allegations that the City had not negotiated in good faith before filing its statement.

■ Good faith negotiation by the condemnor with the land owner is a prerequi-

site to the condemnor's exercise of its power of eminent domain. On the trial of the case a finding on sufficient evidence that the condemnor has not so negotiated will defeat its right to acquire the property. Lapsley v. State, Tex.Civ.App., 405 S.W. 2d 406, writ ref., n.r.e.

Article 3266, V.A.T.S., at Sec. 6, provides that a party dissatisfied with the commissioners' award may file objections with the judge and "thereupon" after service, "the cause shall be tried and determined as in other civil causes in the county court." Such language is suggestive of the conclusion that the court's jurisdiction to try the issue of good faith negotiation, one of the issues of the civil cause, is invoked by the filing of the objection to the award.

In Pearson v. State, supra, at p. 937, the Court, after quoting sections 6 and 7 of Art. 3266, said, "The jurisdiction of the court over such matters is special and depends upon the provisions of Art. 3266 quoted above * * *."

The cause of Rabb v. LaFeria Mut. Canal Co., 62 Tex.Civ.App. 24, 130 S.W. 916, err. ref., was an appeal from an order dissolving a temporary injunction in the district court. Rabb, claiming to be the owner of a tract of land, filed a trespass to try title suit against the canal company in the district court. The canal company then filed a condemnation proceeding in the county court. Special commissioners were appointed, held a hearing and made an award to which objection was filed. The canal company then moved the district court to dissolve a temporary injunction previously granted preventing its entering the property. Rabb, by supplemental petition filed in the district court, alleged that the injunction should not be dissolved because of the invalidity of the condemnation proceeding for the reason, among others, "of the absence of the fact * * * that condemnor and the landowner had been unable to agree on the damages." The district court dissolved the injunction in part and the owner appealed. The Court

of Civil Appeals affirmed. At p. 918, the Court said:

"* * * It is correctly stated in the brief of appellant that, under the statute, neither the county judge, upon the filing of the statement with him, nor the commissioners, upon the hearing with regard to the damages, can inquire into the truth of the facts upon which this jurisdiction is invoked, but that this cannot be done until the hearing in the county court of the appeal from the award of the commissioners. This appeal is now pending and is yet to be heard, so that, up to the time the motion to dissolve the injunction was heard in the district court, the condemnation proceedings were, as found by the district judge, in all respects legal and regular."

In City of Dallas v. Crawford, Tex.Civ. App., 222 S.W. 305, writ dismd., in discussing whether negotiation as to value and damages was necessary before filing a statement of condemnation under the then effective statute, Art. 6506, Revised Civil Statutes of 1911, the Court said:

"* * * It has been held that neither the county judge nor the commissioners appointed to assess damages can inquire into the truth of the statements contained in the written application. Such inquiry would be proper only upon a hearing in the county court on appeal from the commissioners."

It is true that at the time of the decision in the Rabb case and the Crawford case, different statutes with reference to procedure in eminent domain were in effect, but there was no substantial difference, relevant to the question here involved, between those statutes and the ones now in effect.

In White River Municipal Water District v. Walker, Tex.Civ.App., 370 S.W.2d 945, no writ hist., the Water District filed a condemnation proceeding in the county court. The commissioners hearing was had and the damages awarded were deposited

with the county clerk. The owners filed objections. The owners then filed suit in the district court alleging that the condemnation was invalid because the district was attempting to take more land and a greater interest than was necessary to carry out the purpose for which it was created. The trial court granted a temporary injunction. The Court of Civil Appeals reversed and dissolved the injunction. The Court said:

> "It is undisputed the condemnation proceedings were regular and that the statutory procedural steps were properly carried out. It is therefore apparent that the condemnation petition *and the subsequent procedural steps* taken were sufficient to invoke the jurisdiction of the County Court of Crosby County to hear and determine the issue of condemnation, unless the condemnation proceedings were in fact void * * * The questions presented here are *proper matters to be litigated in the pending condemnation proceeding.*" (Emphasis added).

■ By the enactment of the eminent domain statutes, the legislature had established an expeditious procedure whereby possession of property may quickly be had for its application to public use. It would be inconsistent with the public policy so expressed in those statutes to permit the owner to delay the condemnor's right to take possession of property by the trial, in another judicial proceeding, of one of the very issues for the trial of which those statutes provide a procedure.

■ We hold that the trial court erred in granting the temporary injunction because its jurisdiction to try the issue of good faith negotiation was not properly invoked by the landowners' filing of their suit for temporary injunction.

The judgment of the trial court is reversed and the temporary injunction ordered by it is dissolved.

## On Motions for Rehearing

Each party in this case has filed a motion for rehearing. The appellant, City of Houston, in its motion has asked that we reform the judgment of this Court so as to render judgment in its behalf on the bond posted by appellee as a condition to the granting of the temporary injunction in its favor.

The trial court required the appellee, who was plaintiff there to post a bond in the amount of $1,000 as a condition to the temporary injunction which we have dissolved. The appellant, in the prayer in its brief, asked that we not only dissolve the temporary injunction, but also that we render judgment in its favor for the face amount of the bond. That request was based upon the second paragraph of Rule 684, Texas Rules of Civil Procedure which paragraph is in the following language:

> "Where the temporary restraining order or temporary injunction is .against the State, a municipality, a State agency, or a subdivision of the State in its governmental capacity, and is such that the State, municipality, State agency, or subdivision of the State in its governmental capacity, has no pecuniary interest in the suit and no monetary damages can be shown, the bond shall be allowed in the sum fixed by the judge, and the liability of the applicant shall be for its face amount if the restraining order or temporary injunction shall be dissolved in whole or in part. The discretion of the trial court in fixing the amount of the bond shall be subject to review. Provided that under equitable circumstances and for good cause shown by affidavit or otherwise the court rendering judgment on the bond may allow recovery for less than its full face amount, the action of the court to be subject to review."

■ The temporary injunction granted in this case was one from which the City may have sustained monetary damages which can be shown. In the usual situation the purpose of requiring a bond as a con-

dition to the granting of a temporary injunction is to secure the payment to the party against whom the injunction is issued, the amount of the monetary damages which it sustains as a result of the injunction, and costs, in the event the injunction is subsequently held to be wrongfully issued and is dissolved. Bowlen v. Bowlen, Tex.Civ. App., 1 S.W.2d 355, no writ hist. The determination of the amount of those damages, if any, must be made by a proper procedure in a trial court.

The apparent purpose of the second paragraph of Rule 684 is to require the payment of a fixed amount, in the nature of a penalty, only in those situations in which a governmental entity is wrongfully enjoined, but sustains no monetary damage. Such a situation might exist where a city was enjoined from issuing a permit or from enforcing an ordinance.

The record before us does not show whether the City of Houston has or has not sustained any monetary damage because of the issuance of the temporary injunction which we have dissolved. If the City has not sustained such damages, we are of the opinion that the appellee and its surety should not necessarily be held liable for the face amount of the bond. It is obvious that a trial judge would, in determining the amount of the bond given to secure monetary damages, take into consideration an entirely different set of facts than those which he would consider in fixing the amount of a bond payable, in the event of dissolution of the injunction, as a penalty. Rule 684, to provide for this situation, permits the judge rendering the judgment on the bond to render judgment for less than the face amount of the bond if equitable circumstances suggest such action. Thus, the determination of the amount, if any, for which appellee and its surety should be held liable upon its bond is a matter for determination by a trial court and is not a matter for original proceeding in this Court. The trial court's determination of this matter is, by the language of the rule itself, made subject to review.

The appellee's motion for rehearing relates to matters of which we have disposed in our original opinion.

Both motions for rehearing are overruled.