

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 4, 1973

The Honorable Naomi Harney
County Attorney, Potter County
Amarillo, Texas 79101

Opinion No. H-45

Re: Authority of Commissioners
to acquire property for use
as service building and to
provide public parking.

Dear Ms. Harney:

You have requested an opinion from this office on the following questions:

"QUESTION NO. 1. May the Commissioners
Court of Potter County, Texas, expend funds pres-
ently on hand in the County General Fund for the
purpose of acquiring real property adjacent to the
Courthouse to provide a Service Building for the
County owned vehicles (Sheriff's and Probation
Department's) and to provide parking for these
vehicles, and parking for the public having business
in the Courthouse?

"QUESTION NO. 2. If the answer to Question
No. 1 is 'yes' is it necessary to go through con-
demnation or can the Commissioners Court make
a direct purchase from the owner of the property?"

Article 5, § 18, Texas Constitution, provides that the County Commissioners
Court "shall exercise such powers and jurisdiction over all county business
as is conferred by this Constitution and the laws of the State, or as may be
hereafter prescribed. "

The powers of Commissioners Courts have been prescribed by the
Legislature in Article 2351, Title 44, V.C.S. The pertinent portions are
as follows: "Each Commissioners Court shall: . . . 7. Provide and keep
in repair courthouse, jails and all necessary public buildings. "

This enactment is also pursuant to the authority of Article 11, § 2, Texas Constitution, which provides: "The construction of . . . courthouses . . . shall be provided for by general laws. "

Article 3264a, Title 52, V. C. S., confers upon counties the right of Eminent Domain "for the purpose of condemning and acquiring land . . . where said land . . . is necessary in the construction of . . . courthouses . . . or for other public purposes, where such purpose is now or may here-after be authorized by the Constitution or statutes of this State. "

Article 3264, in setting out the general procedure to be utilized in Eminent Domain proceedings, provides:

> " . . . [T]he party desiring to condemn the property after having failed to agree with the owner of the land on the amount of damages shall file a statement in uniting with the county judge of the county in which the land . . . is situated. " (emphasis added)

The authority of the Commissioners Court over county business is limited to that specifically conferred by the Texas Constitution and statutes. Rowan v. Pickett, 237 S. W. 2d 734 (Tex. Civ. App., 1951, no writ); Commissioners' Court of Harris County v. Kaiser, 23 S. W. 2d 840 (Tex. Civ. App., 1929, ref'd. ); Landman v. State, 97 S. W. 2d 264 (Tex. Civ. App., 1936, ref'd. ); Eidelbach v. Davis, 99 S. W. 2d 1067 (Tex. Civ. App., 1936, err. dis'm); Howard v. Henderson County, 116 S. W. 2d 479 (Tex. Civ. App., 1938, ref'd. ); Galveston, H & S A Ry Co. v. Uvalde County, 167 S. W. 2d 305 (Tex. Civ. App., 1942, ref. w. o. m. ); and Rodgers v. County of Taylor, 368 S. W. 2d 794 (Tex. Civ. App., 1963, ref., n. r. e. ). It also has the implied power to do what may be necessary in the exercise of the express duties conferred upon it. Galveston, H & S A Ry Co. v. Uvalde County, supra; El Paso County v. Elam, 106 S. W. 2d 393 (Tex. Civ. App., 1937, no writ); and Dodson v. Marshall, 118 S. W. 2d 621 (Tex. Civ. App., 1938, err. dis'm).

In the El Paso County case, the right of the Commissioners Court to construct a drainage ditch was brought in issue. Article 16, 59a, Texas Constitution, provided that "reclamation and drainage of its over-flowed lands, and other lands needing drainage" are declared public rights and duties and the Legislature shall pass all laws appropriate thereto. In Article 2351,

the Commissioners Court was granted the power to exercise general control over "all roads, highways, ferries and bridges in their counties." The Court determined in construing these provisions, that the construction of the ditch was "county business" and that the Commissioners Court had implied authority to do what was necessary to carry out its expressly delegated duties.

In County of Cameron v. Wilson, 326 S. W. 2d 162, 167 (Tex. 1959), the court decided that as an incident to the county business of establishing and maintaining public parks, a county may provide parking space for motor vehicles (trailer park) and electricity for lights, fans and other mechanical appliances.

"Public Building" as used in Article 2351, § 7, was defined in Dancy v. Davidson, 183 S. W. 2d 195, 198 (Tex. Civ. App., 1944, ref.) as "a building used primarily for public or governmental purposes, that is, to house public or governmental agencies. The power to provide includes the power to purchase." The court further stated that the Commissioners Court is the legal body authorized to determine whether such a building is necessary and its decision in that regard cannot be disturbed except upon a showing of abuse of discretion. See also 86 Tex. Jur. 2d, Counties, pp. 311-12. A Service Building would probably be within the implied powers of the court, but it might fit within this definition. A parking lot would not be encompassed within the meaning of "public building". Thus, the basic question is whether under its implied powers the Commissioners Court could authorize the construction of a Service Building and a parking lot of the nature designated.

In Dodson v. Marshall, supra, the court recognized that the Commissioners Court, in discharging its duty of providing a courthouse, has the implied authority to regulate its use within reasonable bounds.

The precise point of the authority of a Commissioners Court to establish and operate a parking lot for county purposes has not been adjudicated in Texas. In Hayden v. City of Houston, 305 S. W. 2d 798 (Tex. Civ. App., 1957, ref., n. r. e.), the court recognized that a municipality can operate a parking lot for use only by that portion of the public desiring to visit a municipal establishment on the basis that it is a valid public use. The court in Hayden followed the rule, which was enunciated in City of Cleveland v. Ruple, 200 N. E. 507, 103 ALR 853 (Ohio Sup. 1936).

The power of a county to acquire by condemnation private property for a parking lot adjoining a courthouse and hall of records was dealt with in County of Essex v. Hindenlang, 114 A 2d 461 (N. J., Superior Court, 1955). The lot was to be utilized by county officers and employees and other persons lawfully using the county facilities located in the county buildings. The N. J. statute provided that counties had the power to "acquire and maintain such buildings as may be necessary and suitable for the accomodation of the courts . . . for the transaction of public business . . . or any other public purpose." The court held that the county had express authority to condemn land for a courthouse and with regard to the parking lot stated (p. 465):

> " . . . [T]he acquisition and maintenance of a parking area for the use of county officers and employees, and for those connected with the court or who come on county business, is a necessary and reasonable adjunct to the acquisition and maintenance of a courthouse and administration building. True, authority to condemn for such a parking area has not been conferred upon counties in express words, but the power is certainly one that can be implied from the specific grant . . ."

The New Jersey court apparently had no problem in determining that the county had by virtue of its authority to acquire and maintain a courthouse, the implied authority to acquire and maintain a parking area for use by county officers and employees and the public coming to county buildings on county business. In light of this specific holding, we are of the opinion that a Texas Commissioners Court by virtue of its implied power has the power to acquire property for parking for the public having business in the courthouse. See also Article 2372d-4, 2372s and 2372s-1 authorizing the commissioners court to construct certain types of parking lots.

County Commissioners Courts are required to furnish motor vehicles to Sheriffs, (Article 6877-1, Title 120, V. C. S. ) and Probation Officers (Article 5142a, Title 82, V. C. S. ) for use with regard to official duties. If a Commissioners Court has an implied power to acquire and provide a parking lot for the benefit of people using the county courthouse by virtue of the express power to acquire and provide a courthouse, it would be only reasonable that having the express duty to furnish motor vehicles to Sheriffs and Probation officers, the Commissioners Court has the implied duty to

provide service facilities and parking for these vehicles. It is our opinion that the Commissioners Court can expend funds to acquire the real property in question for the purposes specified.

In your second question you ask whether it is necessary to utilize condemnation to acquire the property or whether the Commissioners Court can make a direct purchase. "Good faith negotiation by the condemner with the land owner is a prerequisite to the condemner's exercise of its power of eminent domain." City of Houston v. Plantation Land Company, 440 S. W. 2d 691 (Tex. Civ. App., 1969, ref., n. r. e.). The right of eminent domain cannot be utilized until a good faith attempt has been made to acquire the property directly from the land owner. Thus, if a direct purchase can be accomplished, it is to be utilized.

## SUMMARY

The Commissioners Court can expend funds presently on hand in the County General Fund for the purpose of acquiring by direct purchase, if possible, real property, which is adjacent to the courthouse, to provide a Service Building for county owned vehicles, to provide parking for these vehicles and for the vehicles of that portion of the public having business in the courthouse.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee